## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

APPLE INC.,

        Plaintiff,

v.

MOTOROLA MOBILITY, INC.

        Defendant.

Case No. 11-cv-178-BBC
**JURY TRIAL DEMANDED**

## MOTOROLA MOBILITY, INC.'S ANSWER AND COUNTERCLAIMS TO APPLE INC.'s FIRST AMENDED COMPLAINT

Defendant Motorola Mobility, Inc. ("Motorola") hereby responds to Plaintiff Apple Inc.'s ("Apple") First Amended Complaint, filed in the above-captioned matter on October 6, 2011, and asserts affirmative defenses as follows:

### ANSWER TO APPLE'S COMPLAINT

### GENERAL DENIAL

Unless expressly admitted below, Motorola denies each and every allegation Apple has set forth in its First Amended Complaint.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Motorola demands a trial by jury in this action.

### RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's First Amended Complaint, Motorola responds with the following paragraphs, which correspond sequentially to the paragraphs in Apple's First Amended Complaint:

## THE PARTIES[1]

1.      Motorola lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and can neither admit nor deny such allegations.

2.      Motorola lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and can neither admit nor deny such allegations.

3.      Motorola admits that Motorola Mobility, Inc. is a Delaware corporation having its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois, 60048.  Motorola denies that Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc.  Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola Mobility Holdings, Inc.

## JURISDICTION AND VENUE

4.      Motorola admits that the filing of counterclaims in the U.S. International Trade Commission is authorized by 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e), with the condition that the respondent/counterclaimant "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. § 1391."  To the extent the

---

[1]      For ease of reference only, Motorola has reproduced the headings Apple used in its First Amended Complaint.  To the extent the headings Apple used contain any allegations or characterizations, Motorola denies the truth of those allegations or characterizations.

allegations in paragraph 4 relate specifically to Apple's removed Counterclaims in this action, Motorola lacks knowledge or information sufficient to form a belief as to the allegations and can neither admit nor deny such allegations.

5.     Motorola admits that on March 11, 2011, Apple filed a notice of removal of its Counterclaims with the United States District Court for the Western District of Wisconsin.

6.     Motorola admits that the United States District Court for the Western District of Wisconsin has subject matter jurisdiction over Apple's Counterclaims.

7.     Motorola admits that the United States District Court for the Western District of Wisconsin has pendent and supplemental jurisdiction over the state law claims asserted in Apple's Counterclaims.

8.     Motorola admits that the United States District Court for the Western District of Wisconsin has personal jurisdiction over Motorola for purposes of this case.

9.     Motorola denies each and every allegation contained in Paragraph 9.

10.     Motorola lacks knowledge or information sufficient to form a belief as to whether venue is proper in the United States District Court for the Western District of Wisconsin, and can neither admit nor deny such allegations.  Motorola denies Apple's allegations that it has committed and continues to commit unlawful acts in this District. Motorola further denies Apple's allegations that its deceptive, unfair and unlawful

conduct with respect to its participation in the standard-setting process has had harmful and anticompetitive effects in this District.

## GENERAL ALLEGATIONS

11.     Motorola admits that Apple has asserted Counterclaims against Motorola, but Motorola specifically denies any such alleged conduct.  Motorola denies each and every remaining allegation contained in Paragraph 11.

12.     Motorola denies each and every allegation contained in Paragraph 12.

13.     Motorola admits that in October 2010, Motorola requested the U.S. International Trade Commission ("ITC") institute an investigation to determine, in part, whether certain Apple products infringe one or more Motorola patents.  Motorola admits that on November 3, 2010, the ITC granted Motorola's request and instituted Investigation No. 337-TA-745 (the "'745 Investigation").

14.     Motorola admits that on October 29, 2010, Apple filed a Complaint for patent infringement naming Motorola as a defendant in the Western District of Wisconsin.  Motorola admits that it answered and filed Counterclaims on November 9, 2010.  Motorola denies each and every remaining allegation contained in Paragraph 14.

15.     Motorola admits that it has been a member of and/or its predecessor's employees have participated in the European Telecommunications Standards Institute ("ETSI"), the Institute of Electrical and Electronics Engineers Standards Association ("IEEE"), the 3rd Generation Partnership Project ("3GPP").  Motorola further admits that it has made submissions to certain standard setting organizations that it owns patents that

may be essential to practicing certain standards in accordance with the policies of those organizations. Motorola further admits that it has made assurances in accordance with the policies of those organizations that Motorola will offer licenses to patents that may be essential to practicing certain standards. Motorola denies each and every remaining allegation contained in Paragraph 15.

16.    Motorola denies each and every allegation contained in Paragraph 16.

17.    Motorola admits that it requested the ITC institute an investigation to determine, in part, whether certain Apple products infringe one or more Motorola patents, and that the ITC issue an order excluding from the United States those Apple products found to infringe Motorola's patents. Motorola further admits that in the patent infringement action pending before this Court, Case No. 10-cv-662-bbc, Motorola seeks all remedies available to it under the patent laws, including but not limited to an injunction against certain of Apple's products. Motorola denies each and every remaining allegation contained in Paragraph 17.

## A.    The Importance of SSOs and F/RAND Commitments in the Wireless Community

18.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18, and can neither admit nor deny such allegations.

19.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and can neither admit nor deny such allegations.

20.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20, and can neither admit nor deny such allegations.

21.     The allegations and characterizations contained in Paragraph 21 are incomplete and overbroad, and Motorola lacks knowledge or information sufficient to form a belief as to those allegations and characterizations and can neither admit nor deny such allegations and characterizations.

22.     The allegations and characterizations contained in Paragraph 22 are incomplete and overbroad, and Motorola lacks knowledge or information sufficient to form a belief as to those allegations and characterizations and can neither admit nor deny such allegations and characterizations.

23.     The allegations and characterizations contained in Paragraph 23 are incomplete and overbroad, and Motorola lacks knowledge or information sufficient to form a belief as to those allegations and characterizations and can neither admit nor deny such allegations and characterizations.

24.     Motorola admits that standards setting organizations ("SSOs") generally have policies concerning (a) the disclosure of intellectual property rights ("IPR") that may be essential to certain industry standards; and (b) whether and to what extent participants are requested to offer assurances that they are prepared to offer licenses to their essential IPRs.  Motorola lacks knowledge or information sufficient to form a belief

as to the remaining allegations contained in Paragraph 24, and can neither admit nor deny such allegations.

25.     The allegations and characterizations contained in Paragraph 25 are incomplete and overbroad, and Motorola lacks knowledge or information sufficient to form a belief as to those allegations and characterizations and can neither admit nor deny such allegations and characterizations.

26.     Motorola denies that the IPR Policies at issue in this case require participants claiming Essential IPR to commit to license those IPR to any implementer of the standard on F/RAND terms as Apple uses those terms.  Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25, and can neither admit nor deny such allegations.

27.      Motorola denies each and every allegation contained in paragraph 26.

**B.**     **The Relevant SSOs All Have IPR Policies Designed to Prevent Anticompetitive Hold Up**

28.     Motorola admits that it and/or its employees have been members of and/or participated in ETSI, 3GPP and IEEE.  Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 28, and can neither admit nor deny such allegations.

**(i)**     **ETSI's IPR Policy**

29.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

30.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

31.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

32.     Motorola denies each and every allegation contained in paragraph 32.

33.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

34.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

35.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

36.     The allegations and characterizations contained in Paragraph 36 are incomplete and overbroad, and Motorola lacks knowledge or information sufficient to form a belief as to those allegations and characterizations, and can neither admit nor deny such allegations and characterizations.

37.     Motorola denies each and every allegation contained in Paragraph 37.

**(ii)     3GPP's IPR Policy**

38.     Motorola admits that Article 8 of the current version of the 3GPP Working Procedures, dated 23 April 2010, states in part that "Membership in an Organizational Partner is a pre-requisite for Individual Membership of 3GPP."  The terms "Organizational Partner" and "Individual Member," as used in the 3GPP Working Procedures, are defined in Annex A to the Procedures.  Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 38 and can neither admit nor deny such allegations.

39.     Motorola admits that Article 55 of the current version of the 3GPP Working Procedures, dated 23 April 2010, states:

> Individual Members shall be bound by the IPR Policy of their respective Organizational Partner.
>
> Individual Members should declare at the earliest opportunity, any IPRs which they believe to be essential, or potentially essential, to any work ongoing within 3GPP. Declarations should be made by Individual Members to their respective Organizational Partners.
>
> Organizational Partners should encourage their respective members to grant licences [sic] on fair, reasonable terms and conditions and on a non-discriminatory basis.

The PCG shall maintain a register of IPR declarations
relevant to 3GPP, received by the Organizational Partners.

The terms "Individual Member" and "Organizational Partners," as used in the 3GPP

Working Procedures, are defined in Annex A to the Procedures.  Motorola lacks

knowledge or information sufficient to form a belief as to the remaining allegations

contained in paragraph 39 and can neither admit nor deny such allegations.

### (iii)    IEEE's IPR Policies

40.    Motorola denies each and every allegation contained in Paragraph 40.

41.    Motorola denies each and every allegation contained in Paragraph 41.

42.    Motorola lacks knowledge or information sufficient to form a belief as to
the allegations contained in this paragraph and can neither admit nor deny such
allegations.

43.    The allegations and characterizations contained in Paragraph 43 are
incomplete and overbroad, and Motorola lacks knowledge or information sufficient to
form a belief as to those allegations and characterizations, and can neither admit nor deny
such allegations and characterizations.

44.    The allegations and characterizations contained in Paragraph 44 are
incomplete and overbroad, and Motorola lacks knowledge or information sufficient to
form a belief as to those allegations and characterizations, and can neither admit nor deny
such allegations and characterizations.

45.    Motorola denies each and every allegation contained in paragraph 45.

C.      **Apple's Contractual Relationship with Qualcomm**

46.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 and can neither admit nor deny such allegations.

47.     Motorola admits that in January, 2011, Apple announced its intention to sell a CDMA2000-compliant version of its iPhone 4.  Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 47 and can neither admit nor deny such allegations.

48.     Motorola admits that it sent a letter to Qualcomm dated January 11, 2011, copying Apple, stating Motorola's intention to suspend certain rights granted by Motorola to Qualcomm with respect to Apple under Motorola's agreement with Qualcomm, effective February 10, 2011.  Motorola denies each and every remaining allegation contained in paragraph 48.

49.     Motorola denies each and every allegation contained in paragraph 49.

50.     Motorola denies each and every allegation contained in paragraph 50.

51.     Motorola denies each and every allegation contained in paragraph 51.

D.      **Apple's Relationship with Chi Mei**

52.     Motorola admits that Motorola, Inc. and Chi Mei were parties to an agreement.  Motorola further states that the allegations and characterizations contained in

this paragraph are incomplete and overbroad, and Motorola denies each and every remaining allegation and characterization contained in this paragraph.

53.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and can neither admit nor deny such allegations.

54.    Motorola admits that on August 4, 2007, Kirk Dailey, then Senior Director of Intellectual Property and Licensing at Motorola, Inc., sent a letter to Chi Mei. Motorola further states that the allegations and characterizations contained in this paragraph are incomplete and overbroad, and Motorola denies each and every remaining allegation and characterization contained in this paragraph.

55.    Motorola denies each and every allegation contained in paragraph 55.

**E.    Motorola Has Engaged in a Course of Conduct in Violation of SSO IPR Policies, Resulting in an Anticompetitive Hold Up[2]**

56.    Motorola admits that it has been a member of and/or participated in ETSI and 3GPP.  Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 56, and can neither admit nor deny such allegations.

57.    Motorola admits that it has been a member of and/or participated in IEEE. Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 57, and can neither admit nor deny such allegations.

---

[2]  Motorola specifically denies each and every allegation and characterization contained in this heading used by Apple in its First Amended Complaint.

58.     Motorola denies each and every allegation contained in paragraph 58.

**1.      Motorola Has Failed to Disclose Essential IPR in a Timely Fashion[3]**

59.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 and can neither admit nor deny such allegations.

60.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 and can neither admit nor deny such allegations.

61.     The allegations and characterizations contained in paragraph 61 are incomplete and overbroad, and Motorola denies each and every allegation contained in paragraph 61.

62.     Motorola denies each and every allegation contained in paragraph 62.

**(a)      Motorola failed to timely disclose United States Patent No. 6,359,898[4]**

63.     Motorola admits that it claims to be the owner by assignment of the entire right, title and interest of United States Patent No. 6,359,898 ("the '898 Patent"). Motorola admits that the '898 Patent, which claims priority to a provisional application filed on September 2, 1997, issued on March 19, 2002.  Motorola admits that it has

---

[3]   Motorola specifically denies the allegations and characterizations contained in this heading used by Apple in its First Amended Complaint.

[4]   Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

asserted claims 1-3 and 5-7 of the '898 Patent against Apple in patent infringement proceedings pending in the Western District of Wisconsin.  Motorola denies each and every remaining allegation contained in paragraph 63.

64.     Motorola denies each and every allegation contained in paragraph 64.

65.     Motorola denies each and every allegation contained in paragraph 65.

66.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and can neither admit nor deny such allegations.

67.     Motorola lacks knowledge or information sufficient to form a belief as to the allegation contained in this paragraph, and can neither admit nor deny such allegations.

68.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

69.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

70.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

71.     Motorola admits that the '898 patent issued on March 19, 2002.

72.     The allegations and characterizations contained in paragraph 72 are incomplete and overbroad.  Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 and can neither admit nor deny such allegations.

73.     The allegations and characterizations contained in paragraph 73 are incomplete and overbroad, and Motorola denies each and every allegation and characterization contained in paragraph 73.

74.     Motorola denies each and every allegation contained in paragraph 74.

75.     Motorola denies each and every allegation contained in paragraph 75.

**(b)     Motorola failed to timely disclose United States Patent No. 5,490,230[5]**

76.     Motorola admits that it claims to be the owner by assignment of the entire right, title and interest of United States Patent No. 5,490,230 ("the '230 Patent").  Motorola admits that the '230 Patent issued on February 6, 1996.  Motorola admits that it had asserted claims 6-8 of the '230 Patent against Apple in patent infringement proceedings pending in the Western District of Wisconsin.  Motorola denies each and every remaining allegation contained in paragraph 76.

77.     Motorola denies each and every allegation contained in paragraph 77.

---

[5]   Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

78.     Motorola denies each and every allegation contained in paragraph 78.

**(c)     Motorola failed to timely disclose United States Patent No. 6,246,697[6]**

79.     Motorola admits that it claims to be the owner by assignment of the entire right, title and interest of United States Patent No. 6,246,697 (the "'697 Patent"). Motorola admits that the application that led to the '697 Patent was filed on January 24, 1998 and that the '697 Patent was issued on June 12, 2001.  Motorola denies each and every remaining allegation contained in paragraph 79.

80.     Motorola denies each and every allegation contained in paragraph 80.

81.     Motorola denies each and every allegation contained in paragraph 81.

**(d)     Motorola failed to timely disclose United States Patent No. 6,175,559[7]**

82.     Motorola admits that it claims to be the owner by assignment of the entire right, title and interest of United States Patent No. 6,175,559 ("the '559 Patent"). Motorola admits that the application that led to the '559 Patent was filed on July 7, 1999 and the '559 Patent issued on January 16, 2001.  Motorola admits that it has asserted claims 1-5 of the '559 Patent against Apple in a patent infringement proceeding pending in the Western District of Wisconsin.  Motorola denies each and every remaining allegation contained in paragraph 82.

---

[6]   Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

[7]   Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

83.     Motorola denies each and every allegation contained in paragraph 83.

84.     Motorola denies each and every allegation contained in paragraph 84.

85.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

86.     Motorola admits that the application that led to the '559 patent was filed on July 7, 1999.

87.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

88.     Motorola admits that Tyler Brown is the inventor of the '559 Patent. Motorola further states that the allegations and characterizations contained in paragraph 88 are incomplete and overbroad, and Motorola lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 88 and can neither admit nor deny such allegations.

89.     The allegations contained in this paragraph are incomplete and overbroad, and Motorola can neither admit nor deny such allegations as written.

90.     Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and can neither admit nor deny such allegations.

91.     Motorola admits that the '559 Patent issued on January 16, 2001.

92.     Motorola denies each and every allegation contained in this paragraph.

93.     Motorola denies each and every allegation contained in this paragraph.

94.     Motorola denies each and every allegation contained in this paragraph.

**2.      Motorola Has Failed to Honor Its F/RAND Obligations[8]**

95.     Motorola denies each and every allegation contained in paragraph 95.

**(a)      Motorola's False FRAND Commitments to ETSI and 3GPP[9]**

96.     Motorola admits that it has declared certain of its IPRs may be essential to the implementation of certain standards.  Motorola denies each and every remaining allegation contained in paragraph 96.

97.     Motorola denies each and every allegation contained in paragraph 97.

98.     Motorola admits that Motorola, Inc. declared the '230 Patent essential to practice the GSM standard, in particular the ETSI TS 126 190 standard (3GPP TS 26.190) and the ETSI TS 126 090 standard (3GPP TS 26.090).  Motorola denies each and every remaining allegation contained in paragraph 98.

99.     Motorola denies each and every allegation contained in paragraph 99.

---

[8]   Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

[9]   Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

100.    Motorola denies each and every allegation contained in paragraph 100.

101.    Motorola denies each and every allegation contained in paragraph 101.

102.    Motorola denies each and every allegation contained in paragraph 102.

103.    Motorola denies each and every allegation contained in paragraph 103.

104.    Motorola denies each and every allegation contained in paragraph 104.

105.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105, and can neither admit nor deny such allegations.

106.    Motorola denies each and every allegation contained in paragraph 106.

107.    Motorola admits that representatives of Apple met with representatives of Motorola, Inc. in September 2007.  Motorola denies each and every remaining allegation contained in paragraph 107.

108.    Motorola denies each and every allegation contained in paragraph 108.

109.    Motorola denies each and every allegation contained in paragraph 109.

110.    Motorola admits that it sent a letter to Qualcomm dated January 11, 2011, copying Apple, stating Motorola's intention to suspend certain rights granted by Motorola to Qualcomm with respect to Apple under Motorola's agreement with

Qualcomm, effective February 10, 2011.  Motorola denies each and every remaining allegation and characterization contained in paragraph 110.

111.    Motorola denies each and every allegation and characterization contained in paragraph 111.

112.    Motorola lacks knowledge or information sufficient to form a belief as to whether Apple made substantial investments in the research, design, manufacture, and marketing of wireless communication handsets, including the iPhone 3G, iPhone 3GS and iPhone 4, and can neither admit nor deny such allegations.  Motorola denies each and every remaining allegation contained in paragraph 112.

### (b)    Motorola's Failure to Honor Its F/RAND Commitments to IEEE[10]

113.    Motorola admits that it is the owner by assignment of the entire right, title and interest in United States Patent No. 5,636,223, titled "Methods of Adaptive Channel Access Attempts," which issued on June 3, 1997, naming Karl Reardon and Bud Fraser as inventors (the "'223 Patent").  Motorola admits that it has alleged in its complaint in ITC investigation no. 337-TA-745 that certain Apple products infringe the '223 Patent by practicing the 802.11 standard for wireless local area networks.

114.    Motorola admits that it is the owner by assignment of the entire right, title and interest in United States Patent No. 5,311,516, titled "Paging System Using Message Fragmentation to Redistribute Traffic, which issued on May 10, 1994, naming William

---

[10]    Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

Kuznicki and David Willard as inventors (the "'516 Patent").  The remaining allegations contained in this paragraph are incomplete and overbroad, and Motorola cannot admit or deny such allegations as written.

115.    Motorola admits that it is the owner by assignment of the entire right, title and interest in United States Patent No. 5,319,712 (the "'712 Patent"). The remaining allegations contained in this paragraph are incomplete and overbroad, and Motorola cannot admit or deny such allegations as written.

116.    Motorola admits that it is the owner by assignment of the entire right, title, and interest in United States Patent No. 5,572,193 (the "'193 Patent").  The remaining allegations contained in this paragraph are incomplete and overbroad, and Motorola cannot admit or deny such allegations as written.

117.    Motorola admits that Motorola, Inc. submitted an Intellectual Property Statement on the Motorola Proposals to IEEE dated March 1, 1994, stating in part that "[i]n the even the proposed standard is adopted and the standard cannot be practiced without the use of one or more issued patents which are now or hereafter owned, controlled or assigned to Motorola [Inc.], Motorola [Inc.] agrees to license those patents on a non-discriminatory basis offering fair and commercially reasonable terms." Motorola denies the remaining allegations contained in paragraph 117.

118.    Motorola denies each and every allegation contained in paragraph 118.

119.    Motorola lacks knowledge or information sufficient to form a belief as to whether Apple made substantial investments in products that practice the IEEE 802.11

standards, and can neither admit nor deny such allegations. Motorola denies each and every remaining allegation contained in paragraph 119.

120.    Motorola denies each and every allegation contained in paragraph 120.

121.    Motorola admits that in September 2007, representatives of Apple met with representatives of Motorola, Inc. Motorola denies each and every remaining allegation in paragraph 121.

122.    Motorola denies each and every allegation contained in paragraph 122.

123.    Motorola denies each and every allegation in paragraph 123.

124.    Motorola lacks knowledge or information sufficient to form a belief as to whether Apple has made substantial investments in the research, design, manufacture, and marketing of wireless communication handsets, including the iPhone 3G, iPhone 3GS, and iPhone 3, and can neither admit nor deny such allegations. Motorola denies each and every remaining allegation and characterization contained in paragraph 124.

**F.    The Relevant Technology Markets**

125.    Motorola admits that it has claimed certain of its patents may be essential to the GSM, UMTS, and/or IEEE 802.11 standards.

126.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 126, and can neither admit nor deny such allegations.

127.    Motorola denies each and every allegation contained in paragraph 127.

128.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128, and can neither admit nor deny such allegations.

129.    Motorola denies each and every allegation contained in paragraph 129.

130.    Motorola denies each and every allegation contained in paragraph 130.

**G.    Anticompetitive Effects of Motorola's Conduct Have Injured Apple, Competition, and Consumers[11]**

131.    Motorola denies each and every allegation contained in paragraph 131.

132.    Motorola denies each and every allegation contained in paragraph 132.

133.    Motorola denies each and every allegation contained in paragraph 133.

**COUNT I**

**EQUITABLE ESTOPPEL**

134.    Motorola incorporates herein by reference its responses set forth in paragraphs 1-133, above.

135.    Motorola denies each and every allegation contained in paragraph 135.

136.    Motorola denies each and every allegation contained in paragraph 136.

---

[11]    Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its First Amended Complaint.

137.     Motorola denies each and every allegation contained in paragraph 137.

138.     Motorola denies each and every allegation contained in paragraph 138.

139.     Motorola denies each and every allegation contained in paragraph 139.

140.     Motorola denies each and every allegation contained in paragraph 140.

141.     Motorola denies each and every allegation contained in paragraph 141.


## COUNT II

## BREACH OF CONTRACT – ETSI/3GPP

142.     Motorola incorporates herein by reference its responses set forth in paragraphs 1-141, above.

143.     Motorola denies each and every allegation contained in paragraph 143.

144.     Motorola denies each and every allegation contained in paragraph 144.

145.     Motorola denies each and every allegation contained in paragraph 145.

146.     Motorola denies each and every allegation contained in paragraph 146.


## COUNT III

## BREACH OF CONTRACT TO WHICH APPLE
## IS A THIRD PARTY BENEFICIARY – ETSI/3GPP

147.     Motorola incorporates herein by reference its responses set forth in paragraphs 1-146, above.

148.     Motorola denies each and every allegation contained in paragraph 148.

149.     Motorola denies each and every allegation contained in paragraph 149.

150.     Motorola denies each and every allegation contained in paragraph 150.

151.     Motorola denies each and every allegation contained in paragraph 151.

152.     Motorola denies each and every allegation contained in paragraph 152.

153.     Motorola denies each and every allegation contained in paragraph 153.

**COUNT IV**

**BREACH OF CONTRACT TO WHICH APPLE
IS A THIRD-PARTY BENEFICIARY – IEEE**

154.     Motorola incorporates herein by reference its responses set forth in
paragraphs 1-153, above.

155.     Motorola denies each and every allegation contained in paragraph 155.

156.     Motorola denies each and every allegation contained in paragraph 156.

157.     Motorola denies each and every allegation contained in paragraph 157.

158.     Motorola denies each and every allegation contained in paragraph 158.

159.     Motorola denies each and every allegation contained in paragraph 159.

160.     Motorola denies each and every allegation contained in paragraph 160.

**COUNT V**

**FALSE F/RAND COMMITMENTS AND DECEPTIVE ACTS
IN VIOLATION OF SECTION 2 OF THE SHERMAN ACT**

161.     Motorola incorporates herein by reference its responses set forth in

paragraphs 1-160, above.

162.     Motorola denies each and every allegation contained in paragraph 162.

163.     Motorola denies each and every allegation contained in paragraph 163.

164.     Motorola denies each and every allegation contained in paragraph 164.

165.     Motorola denies each and every allegation contained in paragraph 165.

166.     Motorola denies each and every allegation contained in paragraph 166.

167.     Motorola denies each and every allegation contained in paragraph 167.

**COUNT VI**

**UNFAIR COMPETITION AND UNLAWFUL BUSINESS PRACTICES
IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, ET SEQ.**

168.     Motorola incorporates herein by reference its responses set forth in

paragraphs 1-167, above.

169.     Motorola lacks knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 169, and can neither admit nor deny such

allegations.

170.     Motorola denies each and every allegation contained in paragraph 170.

171.     Motorola denies each and every allegation contained in paragraph 171.

172.    Motorola denies each and every allegation contained in paragraph 172.

173.    Motorola denies each and every allegation contained in paragraph 173.

174.    Motorola denies each and every allegation contained in paragraph 174.

175.    Motorola denies each and every allegation contained in paragraph 175.

176.    Motorola denies each and every allegation contained in paragraph 176.

## COUNT VII

## DECLARATORY JUDGMENT THAT MOTOROLA'S OFFERS HAVE NOT BEEN ON F/RAND TERMS

177.    Motorola incorporates herein by reference its responses set forth in paragraphs 1-176, above.

178.    Motorola denies each and every allegation contained in paragraph 178.

179.    Motorola denies each and every allegation contained in paragraph 179.

180.    Motorola denies each and every allegation contained in paragraph 180.

## COUNT XI[12]

## DECLARATORY JUDGMENT OF NO ENTITLEMENT TO INJUNCTIVE RELIEF

---

[12]    Apple's First Amended Complaint asserts COUNTS I through VII, and COUNTS XI through XIII.  Apple does not presently assert any COUNTS VIII through X, and Motorola objects to Apple's assertion of any claims in this action other than those specifically pleaded in Apple's First Amended Complaint.

181.    Motorola incorporates herein by reference its responses set forth in paragraphs 1-180, above.

182.    Motorola admits that there is a dispute between the parties whether Motorola is entitled to injunctive relief in the event that it prevails on any of its patent infringement claims.  Motorola denies each and every remaining allegation contained in paragraph 182.

183.    Motorola denies each and every allegation contained in paragraph 183.

184.    Motorola denies each and every allegation contained in paragraph 184.

## COUNT XII

## DECLARATORY JUDGMENT OF PATENT MISUSE

185.    Motorola incorporates herein by reference its responses set forth in paragraphs 1-184, above.

186.    Motorola admits that it has sued Apple for patent infringement, and the parties dispute whether Motorola's asserted patents are enforceable.  Motorola denies each and every remaining allegation contained in paragraph 186.

187.    Motorola denies each and every allegation contained in paragraph 187.

188.    Motorola denies each and every allegation contained in paragraph 188.

189.    Motorola denies each and every allegation contained in paragraph 189.

## COUNT XIII

## INTERFERENCE WITH CONTRACT

190.    Motorola incorporates herein by reference its responses set forth in paragraphs 1-189, above.

191.    Motorola lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 191, and can neither admit nor deny such allegations.

192.    Motorola denies each and every allegation contained in paragraph 192.

193.    Motorola denies each and every allegation contained in paragraph 193.

194.    Motorola denies each and every allegation contained in paragraph 194.

195.    Motorola denies each and every allegation contained in paragraph 195.

## DEMAND FOR JURY TRIAL

196.    Motorola admits that Apple demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

197.    Motorola denies each and every allegation contained in paragraph 197, including Apple's allegations that it is entitled to or should be granted any relief in this matter, including any of the relief Apple seeks in paragraph 197, subparts (a) through (n).

## MOTOROLA'S AFFIRMATIVE AND OTHER DEFENSES

### First Defense (Waiver)

Upon information and belief, Apple has waived its right to assert that Motorola may not seek an injunction for Apple's infringement of Motorola's essential patents.

### Second Defense (Estoppel)

Upon information and belief, Apple is estopped from alleging that Motorola engaged in anticompetitive misconduct by failing to disclose declared-essential patents.

### Third Defense (Repudiation)

Upon information and belief, Apple has repudiated and/or rejected the benefits of Motorola's purported FRAND commitments.

### Fourth Defense (Anticipatory Breach)

Upon information and belief, Apple has anticipatorily breached the purported contract between the parties by indicating that it refuses to negotiate for or accept a license on FRAND terms leading to Motorola having to file a lawsuit; that it will not make payments under any license to Motorola's declared-essential patents because it denies that such patents are in fact essential; and/or by failing to satisfy the conditions precedent to any obligations that it was owed as an alleged third party beneficiary, and is thus not entitled to the benefit of Motorola's performance of its purported FRAND commitments.

### Fifth Defense (No Injunctive Relief)

Upon information and belief, Apple is not entitled to injunctive relief because any alleged injury to Apple is not immediate or irreparable, and Apple has adequate remedies at law.

**Sixth Defense (Statute of Limitations – Breach of Contract)**

Upon information and belief, each of Apple's claims for breach of contract is barred by the applicable statutes of limitations.

**Seventh Defense (Statute of Limitations – Breach of Contract
to which Apple is a Third Party Beneficiary)**

Upon information and belief, each of Apple's claims for breach of contract to which it is a third party beneficiary is barred by the applicable statutes of limitations.

**Eighth Defense (Statute of Limitations – Sherman Act)**

Upon information and belief, Apple's claim for violations of Section 2 of the Sherman act is barred by the applicable statute of limitations.

**Ninth Defense (Statute of Limitations – Cal. Bus. & Prof. Code §17200 et seq.)**

Upon information and belief, Apple's claim for violations of California Business & Professions Code § 17200 et seq. is barred by the applicable statute of limitations.

**Tenth Defense (Laches)**

Upon information and belief, each of Apple's claims is barred by the doctrine of laches.

**Eleventh Defense (Privilege)**

Upon information and belief, Apple's claim for interference with contract is barred, because Motorola's actions were reasonable steps to protect Motorola's own legal rights, including Motorola's own contractual rights and other intangible business interests.

### Twelfth Defense (*Noerr-Pennington* Doctrine)

Upon information and belief, one or more of Apple's claims is barred by the *Noerr-Pennington* Doctrine.

### Thirteenth Defense (California Litigation Privilege)

Upon information and belief, Apple's claim for violations of California Business & Professions Code § 17200 et seq. is barred by California's litigation privilege under Cal. Civ. Code § 47(b).

### Fourteenth Defense (Failure to State a Claim Upon Which Relief Can Be Granted)

Upon information and belief, Apple has failed to state a claim against Motorola upon which relief may be granted.

### Fifteenth Defense (Reservation of Remaining Defenses)

Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent and Antitrust Laws of the United States and any other defenses, at law, or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### <u>MOTOROLA'S COUNTERCLAIMS</u>

1.    Counterclaim-Plaintiff Motorola Mobility, Inc. ("Motorola"), for its counterclaims against Counterclaim-Defendant Apple, Inc. ("Apple"), alleges as follows:

## PARTIES

2.      Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola Mobility Holdings, Inc.

3.      In its First Amended Complaint, Apple alleges that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95104.

## JURISDICTION AND VENUE

4.      These are counterclaims for Breach of Contract and Anticipatory Breach, for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Apple and Motorola are citizens of different states and the amount in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs, and for which this Court has pendent and supplemental jurisdiction under 28 U.S.C. § 1367 because the state and federal claims arise from a common nucleus of operative facts.

5.      This Court has personal jurisdiction over Apple by virtue of the Removed Counterclaims and First Amended Complaint Apple filed in this Court and Apple's significant contacts with this forum.  On information and belief, Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Western District of Wisconsin.  On information and belief, Apple, directly and/or through its distribution network, places devices within the stream of commerce, with the knowledge and/or

understanding that such devices will be sold in the Western District of Wisconsin and expects or should reasonably expect its actions to have consequences in the Western District of Wisconsin.  Moreover, on information and belief, Apple operates retail stores within the Western District of Wisconsin.  Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice.  Such an exercise is consistent with Wis. Stats. § 801.05, including at least under § 801.05(1)(d), because Apple is engaged in substantial and not isolated activities within Wisconsin and this judicial district.

6.      Venue is proper in this District pursuant to 28 U.S.C. § § 1391(b)-(c) and 1400(b).

**FIRST COUNTERCLAIM**

**BREACH OF CONTRACT – ETSI/3GPP**

7.      Motorola incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6.

8.      On information and belief, Apple alleges that it has entered into express and/or implied contracts with Motorola concerning performance of the parties' obligations under the Intellectual Property Rights Policies ("IPR Policies") of ETSI and/or 3GPP.

9.      On information and belief, Apple has failed to perform its obligations under each of its purported contracts with Motorola and/or has materially breached those contracts by refusing to license purportedly Essential IPR, including by failing to seek out

and refusing to accept a license to Motorola's declared-essential patents on FRAND

terms, and by continuing to infringe Motorola's essential patents despite having refused

to accept a license to those patents on FRAND terms.

10.     As a result of these multiple contractual breaches, Motorola has been

injured, including in its business or property.  Motorola has been forced to expend

resources resolving this licensing dispute and has lost royalty income to which it is

entitled under the purported agreements.

## SECOND COUNTERCLAIM

## REPUDIATION/ANTICIPATORY BREACH

11.     Motorola incorporates by reference the preceding averments set forth in

Counterclaim Paragraphs 1-6 and allegations set forth in Counterclaim Paragraphs 7-10.

12.     As set forth above, Apple alleges that it is a party or third party

beneficiary to contracts with Motorola concerning the parties' performance of obligations

under the IPR Policies of various Standards Setting Organizations.

13.     As set forth above, Apple has indicated that it will not perform its

obligations under its purported agreements with Motorola.  Particularly, Apple has

indicated that it refuses to negotiate for and will not accept a license to Motorola's

declared-essential patents on FRAND terms leading to Motorola having to file a lawsuit;

that it will not make payments under any license agreements because it believes

Motorola's patents are not essential patents, not infringed by any Apple product,

unenforceable and/or invalid; and has failed to satisfy the conditions precedent to any obligations that it was owed as an alleged third party beneficiary.

14.     As a result of Apple's breach of its purported agreements with Motorola by wrongful anticipatory breach and/or repudiation, Motorola has been injured, including in its business or property.  Motorola has been forced to expend resources resolving this licensing dispute, has lost royalty income to which it is entitled under the purported agreements, and has not received payments and other benefits which it reasonably expected to receive under the purported agreements.

15.     As a result of Apple's breach of its purported agreements with Motorola by wrongful anticipatory breach and/or repudiation, Motorola is furthermore entitled to treat Apple's breach as immediate and to terminate its agreements with Apple.

## DEMAND FOR JURY TRIAL

16.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola demands a trial by jury of this action.

## REQUEST FOR RELIEF

17.     WHEREFORE, Motorola respectfully prays for relief as follows:

A.     A judgment that Apple has breached its agreements with Motorola through its failure to accept a license to Motorola's patents on FRAND terms;

B.     A judgment that Apple has breached its agreements with Motorola by anticipatory breach/repudiation;

C.      A judgment awarding Motorola all damages to compensate

Motorola for Apple's breach of contract and inequitable contract; and

D.      Such other relief as the Court may deem just and appropriate.

Dated: October 24, 2011

Respectfully submitted,

MOTOROLA MOBILITY, INC.

By:      *s/ Brian C. Cannon*
          Brian C. Cannon

Scott W. Hansen
Lynn M. Stathas
Lisa Nester Kass
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Telephone: (608) 229-2200
Facsimile: (608) 229-2100
1000 North Water Street, Suite 1700
Milwaukee, WI  53202
Telephone:  414-298-1000
Facsimile:   414-298-8097
Email: shansen@reinhartlaw.com
         lstathas@reinhartlaw.com
         lkass@reinhartlaw.com

David A. Nelson
Jennifer A. Bauer
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
         jenniferbauer@quinnemanuel.com

Edward J. DeFranco
Alexander Rudis
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
alexanderrudis@quinnemanuel.com

Brian C. Cannon
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100
Email:  briancannon@quinnemanuel.com

*Attorneys for Defendant Motorola
Mobility, Inc.*