UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLE INC. )<br>)<br>         Plaintiff and Counterclaim )<br>         Defendant, )<br>)<br>)<br>     v. )<br>)<br>)<br>MOTOROLA MOBILITY, INC. )<br>)<br>         Defendant and Counterclaim )<br>         Plaintiff. | Case No. 1:11-cv-178 (BBC) |

**DEFENDANT MOTOROLA'S BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND REFERENCES
TO IRRELEVANT STANDARDS AND STANDARD SETTING BODIES**

Defendant Motorola Mobility LLC ("Motorola") now moves this Court *in Limine* to exclude any evidence or references to standards and standard setting bodies pursuant to Federal Rules of Evidence 402 and 403 not at issue in this case. Apple has only pled breach of commitments to ETSI and IEEE. Any other standards (and Motorola's actions related to those standards) are irrelevant to the remaining breach of contract claims.

**ARGUMENT**

Plaintiff, Apple Inc. ("Apple") should be precluded from offering evidence or testimony relating to standards or standard setting bodies that are not at issue in this case because that evidence is not relevant to its remaining breach of contract claims. On summary judgment, this Court held that "Motorola's membership in the [European Telecommunications Standards Institute ("ETSI") and the Institute of Electrical and Electronics Engineers ("IEEE")] and Motorola's assurances that it would license its essential patents on fair, reasonable, and

1

nondiscriminatory terms constitute contractual agreements." (Dkt. 194, Opinion and Order, entered Aug. 10, 2012 ("Summ. J. Op.") at 38.)  This Court's holding as to Motorola's contractual agreements is expressly limited to standard setting bodies ETSI and IEEE.

There is no dispute that Motorola participates in other standard setting organizations ("SSOs"), this Court was not asked and did not make any findings with respect Motorola's relationships with other SSOs.  Simply put, any contract that may exist with a different SSO is not part of this case.  Apple has not alleged that Motorola had contractual obligations with any other SSO or that Motorola breached any such obligations.  At this point, the Court would have no way to assess whether the rules and policies of other SSOs are different.  (Deposition of Latonia Gordon, July 13, 2011 ("Gordon Dep. I"), dkt. 161, at 22:5-11, 129:7-9, 138:10-18.); Deposition of Latonia Gordon, September 13, 2012, ("Gordon Dep. II"), dkt. 250; at 62:24-63:7, 98:23-99:13; Deposition of Dwight Smith, August 21, 2012, ("Smith Dep." dkt. 259, 90:3-21.) Thus, Motorola's membership and participation in other standard setting bodies and any evidence that Apple may attempt to offer with regard to that participation is simply not relevant to this action and should be excluded.

Although Motorola cannot identify all testimony and evidence that Apple may attempt to introduce regarding standard setting bodies other than ETSI and IEEE, Motorola anticipates that Apple will attempt to rely upon evidence and testimony relating to the Open Mobile Alliance ("OMA") standard, including testimony from Motorola engineer Dwight Smith concerning his participation in OMA and presentations concerning Motorola's OMA participation. (*See e.g.* Smith Dep. at 23:16-18, 35:5-9, 38:5-10, 39:2-10; Exs. 1-5.[1])  It is undisputed that OMA is

---

[1] "Ex. _" refers to the exhibits to the Declaration of Stephen A. Swedlow in Support of Motorola Mobility LLC's Motion *in Limine* to Exclude Evidence and References to Irrelevant Standards and Standard Setting Bodies, filed concurrently herewith.

governed by different rules, policies, and procedures and that Motorola's participation and practice with respect to OMA differs from that of ETSI and IEEE.  (Smith Dep. 39:21-40:8, 187:25-188:17.)  Testimony and evidence relating to OMA is simply not relevant to Motorola's contractual obligations to and participation in ETSI and IEEE.  Accordingly, Motorola respectfully requests that this Court exclude any evidence and testimony relating to Motorola's participation in OMA pursuant to Federal Rules of Evidence 402 and 403.

Further, evidence and testimony relating to ETSI and IEEE standards that are not at issue in the case should also be excluded.  Here, Apple has only pled claims related to patents that were declared essential to ETSI's UMTS standard, the GPRS functionality of ETSI's GSM standard, and the IEEE's 802.11 standard.  (Compl. ¶¶ 63-95, 159, 113-17.)  Any evidence related to Motorola practices with respect to other standards is irrelevant and should be excluded.

Although Motorola cannot identify all other standards evidence that Apple may attempt to introduce, Motorola anticipates that Apple will attempt to offer evidence relating to ETSI's Project TETRA, including testimony from Latonia Gordon and TETRA-related exhibits entered at her deposition.  (*See* Gordon Dep. I at 70:8-84:19; Exs. 6-9.)  TETRA is a European public safety standard used by police and other government officials and is not at issue in this case.[2] Apple has not asserted any claim in this action relating to the TETRA standard or patents essential to the TETRA standard.  Accordingly, evidence relating to the TETRA standard should also be excluded.

---

[2]   http://www.etsi.org/website/technologies/tetra.aspx

## **CONCLUSION**

For these reasons, Motorola respectfully requests that this Court exclude evidence and testimony relating to irrelevant standards and standard setting bodies pursuant to Federal Rules of Evidence 402 and 403.


Dated: September 28, 2012                    MOTOROLA MOBILITY, INC.

                                                         By:     *s/ Stephen A. Swedlow*
                                                                   Stephen A. Swedlow

Scott W. Hansen
Lynn M. Stathas
Lisa Nester Kass
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Telephone: (608) 229-2200
Facsimile: (608) 229-2100
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
Email: shansen@reinhartlaw.com
      lstathas@reinhartlaw.com
      lkass@reinhartlaw.com

David A. Nelson
Stephen A. Swedlow
Amanda S. Williamson
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
stephenswedlow@quinnemanuel.com
amandawilliamson@quinnemanuel.com

Edward J. DeFranco
Alexander Rudis
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
alexanderrudis@quinnemanuel.com

Brian C. Cannon
Meghan Bordonaro
Shawna M. Reeder
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: briancannon@quinnemanuel.com
meghanbordonaro@quinnemanuel.com
shawnareeder@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, Inc.*