## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| APPLE INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-178 (BBC) |
| | ) | |
| v. | ) | **Judge Barbara B. Crabb** |
| | ) | |
| MOTOROLA MOBILITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MOTOROLA MOBILITY, LLC'S RESPONSE TO APPLE'S REQUEST FOR JUDICIAL NOTICE

Motorola Mobility, LLC ("Motorola") hereby responds to Apple's Request for Judicial Notice, Dkt. No. 321.

## I. COURT ORDERS RELATED TO INFRINGEMENT AND INVALIDITY ARE NOT RELEVANT (EXS. 1-5)[1]

Relevant evidence is defined as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Post-hoc adjudication of infringement, invalidity and claim construction have no bearing on whether Motorola breached any contracts or promises to Apple, which are alleged to have occurred prior to entry of these orders. Accordingly, the prior court orders Apple has submitted on these issues should not be admitted into evidence.

For example, the Northern District of Illinois's determination of non-infringement with respect to the '559 patent and the ITC's determination of invalidity or non-infringement with respect to the '223 and '697 patents have no bearing on the timeliness of Motorola's disclosure of those patents. The determination of "timeliness" of disclosure is based on a proper legal interpretation of § 4.1 of ETSI's policy, which states "each member shall use its reasonable endeavours, in particular during the development of a standard or technical specification where it participates, to inform ETSI of essential [intellectual property rights] in a timely fashion. In particular, a member submitting a technical proposal for a standard or technical specification shall, on a bona fide basis, draw the attention of ETSI to any of that member's [intellectual property rights] which might be essential if that proposal is adopted." *See generally* ETSI IPR Policy, § 4.1.

---

[1] "Ex. A, B, C, . . ." refer to exhibits attached to the accompanying Declaration of David M. Elihu in Support of Motorola's Response to Apple's Request for Judicial Notice; "Ex. 1, 2, 3, . . ." refers to exhibits attached to the Declaration of Richard Anthony Lopez in Support of Apple's Request for Judicial Notice, Dkt. 322.

Likewise, the subsequent court orders are irrelevant to the determination of whether Motorola offered Apple *portfolio* licenses on terms that were reasonable and non-discriminatory in 2007 and thereafter (leading up to the 2012 Posner decision and ITC decisions on a tiny fraction of Motorola's standards-essential patent portfolio).  Determination of the type of license terms Motorola offered Apple is based on a proper interpretation of § 6.1 of ETSI's policy, which asks owners of essential patents to agree to "license on fair, reasonable and non-discriminatory terms and conditions." *See generally* ETSI IPR Policy § 6.1.  The eight patents that Motorola has asserted against Apple in the United States are just a portion of the thousands of essential patents held by Motorola.  Motorola is currently appealing each of the orders at Exhibits 1-5 of Apple's Request for Judicial Notice, meaning that Apple is attempting to submit into evidence orders that Motorola respectfully believes should and will be reversed by the Federal Circuit.

No order provides any bearing on the issues of timeliness of disclosure or whether Motorola has offered Apple portfolio licenses on reasonable and non-discriminatory terms.  Therefore, Motorola submits that the Court should not take judicial notice of Exhibits 1-5 of Apple's Request.  *See* Fed. R. Evid. 402.

**II.     POLICY STATEMENTS ON WHAT FRAND SHOULD OR COULD MEAN ARE NOT RELEVANT TO THIS MATTER (EXS. 6, 11-19)**

Additionally, Judge Posner's Order of Dismissal of June 22, 2012 (Ex. 6) is not relevant because the order only addresses FRAND commitments in the abstract – Apple's opposition to Motorola's motion for injunctive relief was based on equitable arguments, and Judge Posner did not rely on any of the particular contracts at issue here.  Indeed, the words IEEE and ETSI do not appear anywhere in Judge Posner's opinion.

Likewise, Apple has requested that this Court take Judicial Notice of statements on the "public interest" prong of Section 337 made by third parties in the 745 Investigation.  Exhibits

2

11-19 fail to properly point to any specific contracts potentially at issue in this case, and much like Judge Posner's opinion, are in reality policy papers on what FRAND should or could be.

### III. IN THE ALTERNATIVE, MOTOROLA REQUESTS JUDICIAL NOTICE OF ITS OWN ORDERS AND FILINGS

If the Court decides to take judicial notice of Exhibits 1-6 of Apple's Request, Motorola respectfully submits that the Court should also take judicial notice of two relevant court orders which answer similar or identical legal questions to the ones remaining in this case: (1) whether any specific ETSI policies forbid injunctive relief; (2) whether Apple has acted with good faith in negotiating FRAND patent licenses; and (3) whether "late" patent disclosure can constitute violation of ETSI's IPR Policy:[2]

- Initial Determination, *In the Matter of Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, Inv. No. 337-TA-745 (U.S.I.T.C. Apr. 24, 2012) (Ex. A)

- Initial Determination, *In the Matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers*, Inv. No. 337-TA-794 (U.S.I.T.C. Sept. 14, 2012) (Ex. B)

In addition, if this Court decides to take judicial notice of Exhibits 11-19 of Apple's Request, Motorola submits that the Court should also take judicial notice of other submissions made in the 745 Investigation (including by actual standard setting participants) on their interpretation of FRAND, including submissions by:

- Ericsson Inc. (Ex. C)
- InterDigital Communications, LLC (Ex. D)
- Office of Unfair Import Investigations (Ex. E)

---

[2] The courts answered "No" to each of these three questions.

3

- Qualcomm Incorporated (Ex. F)

- Research in Motion Corporation (Ex. G)

- Samsung (Ex. H)

- The Innovation Alliance (Ex. I)

Dated: October 12, 2012

Respectfully Submitted,

MOTOROLA MOBILITY, LLC.

By: *s/ Stephen A. Swedlow*
    Stephen A. Swedlow

Scott W. Hansen
Lynn M. Stathas
Lisa Nester Kass
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Telephone: (608) 229-2200
Facsimile: (608) 229-2100
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
Email: shansen@reinhartlaw.com
       lstathas@reinhartlaw.com
       lkass@reinhartlaw.com

David A. Nelson
Stephen A. Swedlow
Jennifer A. Bauer
Amanda S. Williamson
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
       stephenswedlow@quinnemanuel.com
       jenniferbauer@quinnemanuel.com
       amandawilliamson@quinnemanuel.com

Edward J. DeFranco
Alexander Rudis
David Elihu
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
       alexanderrudis@quinnemanuel.com
       davidelihu@quinnemanuel.com

Brian C. Cannon
Meghan Bordonaro
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: briancannon@quinnemanuel.com
       meghanbordonaro@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, LLC.*