IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>MOTOROLA MOBILITY, INC.<br><br>        Defendant. | Case No. 11-CV-178-bbc<br><br>Hon. Barbara B. Crabb<br><br>**PUBLIC VERSION** |

**APPLE'S MOTION TO ENFORCE SUMMARY JUDGMENT ORDER DETERMINATION THAT ETSI'S IPR POLICY *UNAMBIGUOUSLY* REQUIRES PRE-ADOPTION DISCLOSURE WHERE A PARTY SUBMITS A TECHNICAL PROPOSAL**

On August 10, 2012, the Court issued its Order on Summary Judgment in which it concluded that ETSI's IPR policy "clearly requires members to make efforts to disclose intellectual property rights *before* a standard is adopted." Dkt. No. 194 at 43 (emphasis in original). The Court therefore ordered "as a matter of law" that—because Motorola "submitt[ed] technical proposals to ETSI for inclusion of Motorola technology in ETSI standards"—Motorola was bound by an unambiguous contractual obligation to disclose its patent applications to ETSI before its technical proposals were adopted into ETSI standards. *Id.* at 47.

It is beyond dispute that, since the day the Court issued its order, the parties have operated with the mutual understanding that this was now the law of the case, and that what remained to be resolved at trial with respect to Apple's untimely disclosure claim were the two issues identified in the section of the Court's decision titled "C. Issues Remaining for Trial": (1) whether Motorola *breached* its contractual obligation to "to make bona fide efforts to disclose its patents to ETSI in a timely manner"; and (2) whether Apple was "*damaged* by Motorola's failure to disclose" in a timely manner. *Id.* at 46-47 (emphasis added).

All of this changed three days ago when Motorola filed its trial brief. In direct contradiction of the express holding on the last page of the Court's summary judgment order, Motorola now argues that it was *not* obligated to make a bona fide effort to disclose its patent applications *prior to adoption*. Instead, Motorola claims it was in compliance with its obligations because it "*ultimately*"—i.e., years after adoption—made disclosure to ETSI which, according to Motorola, was consistent with industry practice:

> The record evidence demonstrates that industry custom was to delegate disclosure duties to legal departments, which would disclose patents *as part of large disclosures as opposed to on an individualized basis*.

\*    \*    \*    \*

1

> Motorola made efforts to disclose all patents it believed to be essential and understood, consistent with industry practice, that it complied with any ETSI disclosure provision by *ultimately* disclosing the '898 patent.

Dkt. No. 481 at 31, 33 (emphasis added).[1]  Thus, Motorola argues that its disclosure years after adoption was not a "material breach" because it "operated well within the range of industry custom and practice in disclosing its '898 patent as essential." *Id.* at 33.  Motorola's attempt to evade or undermine the Court's summary judgment order should be precluded for five reasons.[2]

## ARGUMENT

First, Motorola made this argument on the very first page of its opposition to Apple's motion for summary judgment.  It argued that ETSI's disclosure obligation was not "clear" on its face and that, as a result, "industry custom must be analyzed to determine if those in the industry considered the duties to be applicable at the time."  Dkt. No. 164 at 1.  The argument then appeared in a heading in Motorola's brief:

> A. Questions of Material Fact Concerning ETSI Practice and *ETSI Participants' Understanding of ETSI's Policies Preclude Summary Judgment* that Motorola was "Required to Disclose, on a Bona Fide Basis, its Essential IPR Prior to Adoption of Motorola's Proposals."

*Id.* at 14 (emphasis added).  As noted above, the Court disagreed, concluding that ETSI's policy "clearly required" Motorola to do just that—disclose its patent applications prior to adoption.[3]

---

[1] Motorola's trial brief is peppered with arguments it made in its unsuccessful summary judgment papers.  For example, it argues that disclosures were not made in technical working groups.  *Compare* Dkt. No. 481 at 9 *with* Dkt. No. 164 at 14-16.  It also argues that it did not breach the contract because it made a general FRAND declaration (which is irrelevant to the '898 patent in any event because that declaration was not for the GPRS standard).  *Compare* Dkt. No. 481. at 33 *with* Dkt. No. 164 at 17.

[2] Apple is aware of the other issues currently under consideration by the Court, but it files this motion pursuant to the Court's instruction that the parties continue to prepare for trial.

[3] Notably, although Motorola's trial brief argues on page 29 that the Court "did not construe the terms 'bona fide' or 'reasonable efforts,' at summary judgment," it makes no such argument with (continued…)

2

Second, following the Court's summary judgment order, Motorola objected to discovery requests on the basis that the Court's order had resolved the scope of Motorola's disclosure obligations and thereby rendered discovery on such issues irrelevant. One of many examples of this appeared in a Motion for Protective Order in which Motorola quoted directly from the Court's order on this issue:

> [T]his Court has already granted summary judgment in favor of Apple on Apple's claims that Motorola was required to disclose certain of its IPR and failed to do so *before that technology was incorporated into a standard*. (Order at 3.) Thus, testimony concerning Motorola's specific disclosures and the timing of those disclosures *is no longer necessary* as judgment has already been entered by this Court.
>
> The *only issue* that could potentially remain in this regard, is whether "Motorola breached a contract by failing to make bona fide efforts to disclose its patents to ETSI in a timely manner." (Order at 46.)

Dkt. No. 198 at 12 (emphases added). Motorola should not now be allowed to inject an issue into the trial when it repeatedly objected to discovery on that issue on the basis of the Court's summary judgment order.

Third, Apple has prepared for trial with the understanding (based on the Court's summary judgment order) that, with respect to the question of whether Motorola *breached* its disclosure obligation, the sole issue remaining for trial is whether Motorola made a bona fide (though unsuccessful) effort to disclose prior to adoption of its technical proposals. Apple would be prejudiced by Motorola's eleventh-hour attempt to change the scope of the trial by suddenly raising an issue it argued and lost on summary judgment, especially where it then used that very order to fight Apple's discovery requests on numerous fronts. Compounding the prejudice,

---

respect to the term "timely," even though the heading of that argument is that "ETSI Policy as to 'bona fide,' 'timely,' and 'reasonable endeavours,' is ambiguous." In other words, it is arguing that ETSI's policy regarding the timing of disclosure is ambiguous, even though it plainly knows the Court found the pre-adoption disclosure obligation to be "clear" on the face of ETSI's policy.

3

Motorola sprung its trap so late that there is evidence refuting Motorola's industry practice argument that was not included on Apple's exhibit list and deposition designations. For example, Apple did not list an exhibit, or the deposition of Motorola's representative, showing that, in October 2000, just days before "the close of voting on an ETSI specification," Motorola asked ETSI for an "extension" of several weeks to provide disclosure of its essential IPR. Declaration of Samuel F. Ernst in Support of Motion to Enforce Summary Judgment Order ("Ernst Decl."), Ex. 1 (MOTO-APPLE-0007144703-05) at MOTO-APPLE-0007144703-04; Dkt. No. 271 (Gordon Tr. Sept. 13, 2012) at 91:9-94:4. Needless to say, there would have been no reason for Motorola to ask for an "extension" of several weeks post-adoption if there was no requirement of pre-adoption disclosure. But for the fact that the Court resolved this issue on summary judgment, Apple obviously would have included such evidence in its exhibits and deposition designations.[4]

Fourth, as stated in the Court's summary judgment order, ETSI's policy is clear that the pre-adoption disclosure requirement is triggered by a party's submission of a technical proposal. *See* Dkt. No. 194 at 47. Thus, a party's disclosure is untimely only when that party submitted a technical proposal *and* made post-adoption disclosure. Nevertheless, Motorola clearly intends to assert its industry practice defense without evidence of an industry practice of *untimely* disclosure by those making technical proposals. For instance, Motorola argues that Apple made post-adoption disclosures to ETSI, but it does not suggest that Apple submitted technical proposals to ETSI proposing adoption of those patents into the standard. To the contrary, it argues that six years after becoming a member of ETSI, Apple made disclosures that included

---

[4] Similarly, Apple saw no need to designate other testimony from Motorola's corporate "process" witness. *E.g.*, Dkt. No. 271 (Gordon Tr.) at 45:4-14 ("A. . . . There may be disclosed IPR that does not turn out to be essential to the standard . . . . Q. . . . Because you disclose IPR, but then the standard, as it ultimately is adopted, doesn't include that IPR? A. Exactly.") (subsequently designated by Motorola).

4

patents for "standards [that] had already been published for over a decade." Dkt. No. 481 at 32. Thus, Apple wasn't even an ETSI member when those standards were adopted.

Finally, Motorola's argument—that ETSI's disclosure requirement was "ambiguous" and that industry practice was to disclose long lists of patents post-adoption—*is directly belied by Motorola's own disclosure practice* during the relevant period. In 1999, for example, Motorola submitted a disclosure to ETSI identifying two patents as likely to become essential to an "ETSI *draft* standard." Ernst Decl., Ex. 2 (WI-178-011302-04) at WI-178-011303 (emphasis added). Motorola's declaration expressly referenced a "technical proposal identified as (1) Noise suppression for the AMR Codec," where "(1)" was a standard footnote on ETSI's form stating: "This [underlined] field should only be completed on a bona fide basis when a Member submits a technical proposal for a Standard (refer to ETSI's Interim IPR Policy, Clause 4.1)." *Id.* (emphasis omitted). In other words, Motorola made the technical proposal at issue and was therefore specifically disclosing two patents *prior to adoption*.

Indeed, Motorola's own corporate disclosure witness testified: "So again, I have to say it again, *there is early disclosure* and—which naturally leads to—*can lead to over disclosure*." Dkt. No. 271 (Gordon Tr.) at 46:13-18 (emphasis added). She testified that the result of this "early disclosure" is that "there are *many disclosed*, whether it be applications or issued patents in the ETSI database, that are not essential . . . Because *they weren't included in the standard at the end of the day*." *Id.* at 46:16-47:4 (emphases added).

## **CONCLUSION**

For the foregoing reasons, Apple requests that the Court preclude Motorola from reviving its industry practice argument at trial.

Dated: November 3, 2012

        Respectfully submitted,

        */s/ Samuel F. Ernst*
        Robert D. Fram (CA Bar No. 126750)
        rfram@cov.com
        Christine Saunders Haskett (CA Bar No. 188053)
        chaskett@cov.com
        Samuel F. Ernst (CA Bar No. 223963)
        sernst@cov.com
        Nathan E. Shafroth (CA Bar No. 232505)
        nshafroth@cov.com
        Danielle L. Goldstein (CA Bar No. 257486)
        dgoldstein@cov.com
        COVINGTON & BURLING LLP
        One Front Street
        San Francisco, CA 94111-5356
        Telephone: (415) 591-6000
        Facsimile: (415) 591-6091

        Jason C. Raofield (DC Bar No. 463877)
        jraofield@cov.com
        Richard Anthony Lopez (DC Bar No. 995719)
        rlopez@cov.com
        Matthew John Connolly (DC Bar No. 997950)
        mconnolly@cov.com
        COVINGTON & BURLING LLP
        1201 Pennsylvania Avenue, NW
        Washington, DC 20004-2401
        Telephone: (202) 662-6000
        Facsimile: (202) 662-6291

        Matthew D. Powers
        Matthew.Powers@tensegritylawgroup.com
        Paul Ehrlich
        Paul.Ehrlich@tensegritylawgroup.com
        Azra Hadzimehmedovic
        azra@tensegritylawgroup.com
        TENSEGRITY LAW GROUP, LLP
        555 Twin Dolphin Drive, Suite 360
        Redwood Shores, CA 94065
        Telephone: (650) 802-6000
        Facsimile: (650) 802-6001

        Catherine Cetrangolo

cetrangolo@cetralaw.com
CETRA LAW FIRM LLC
20 North Carroll Street
Madison, WI 53703
Telephone: (608) 535-9220
*Attorneys for Plaintiff Apple Inc.*

7

## CERTIFICATE OF SERVICE

      I, Samuel F. Ernst, an attorney, do hereby certify that I caused a copy of the foregoing to be electronically filed with the Court and served on all parties on November 3, 2012 using the Court's electronic case filing system.

                                   By: */s/ Samuel F. Ernst*
                                       Samuel F. Ernst