# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

|                              |                          |
|------------------------------|--------------------------|
| APPLE INC.,                  | Case No. 11-CV-178-bbc   |
|    Plaintiff, |                          |
| v.                           | Hon. Barbara B. Crabb    |
| MOTOROLA MOBILITY, INC.      |                          |
|    Defendant. |                          |

## APPLE'S REPLY REGARDING THE PROPER FORM OF ANY DISMISSAL

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ...................................................................................................... 7

    A.    The Court's Stated Reasons for Dismissal Require Dismissal without
         Prejudice ................................................................................................ 7

         1.    The Court's Dismissal of Apple's Request for Specific
             Performance on the Grounds that it Would Not Redress Apple's
             Injury Must Be Without Prejudice ............................................ 7

         2.    Dismissal of Apple's Breach of Contract Claim for Want of a
             Remedy Must Be without Prejudice .......................................... 9

         3.    Discretionary Dismissal of Apple's Claims for Declaratory Relief
             Must Be without Prejudice ...................................................... 10

         4.    Apple Has Not Shifted its Legal Theories, and this Would Not be a
             Basis for Dismissing the Case with Prejudice in Any Event ................... 12

    B.    The Court Should Dismiss Without Prejudice to Prevent Motorola from
         Arguing that Apple's FRAND-Based Affirmative Defenses to Motorola's
         Infringement Lawsuits Are Precluded ................................................... 15

    C.    Dismissal With Prejudice Could Bar the Parties from Resolving this
         Dispute through Binding Arbitration .................................................... 16

III.    CONCLUSION .................................................................................................. 18

## TABLE OF AUTHORITIES

CASES                                                                                          PAGE

*Apple Inc. v. Motorola, Inc.*,
    1:11-CV-08540, 2012 WL 2376664 (N.D. Ill. June 22, 2012)..........................................14, 15

*Black v. LaHood*,
    No. 11-1928, 2012 WL 3218519 (D.D.C. Aug. 9, 2012) .....................................................8, 9

*C.R. Bard, Inc. v. M3 Sys. Inc.*,
    157 F.3d 1340 (Fed. Cir. 1998)......................................................................................10

*Davis v. Samuels*,
    No. 3:07-3463, 2007 WL 4376074 (D.S.C. Dec. 13, 2007) .................................................9, 10

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)....................................................................................................7

*Fogel v. Gordon & Glickson, P.C.*,
    No. 03-C-1617, 2004 WL 866412 (N.D. Ill. Apr. 21, 2004)..................................................18

*Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*,
    187 F.3d 941 (8th Cir. 1999) .......................................................................................13

*Harrington v. Heavey*,
    No. 04 C 5991, 2006 WL 3359388 (N.D. Ill. Nov. 16, 2006).................................................9

*In re IFC Credit Corp.*,
    663 F.3d 315 (7th Cir. 2011) .......................................................................................9

*Klein v. Giguere*,
    No. 09-10412, 2011 WL 1740054 (D. Mass. Mar. 31, 2011) ...............................................13

*Ohio Nat'l Life Assurance Corp. v. Riley-Hagan*,
    No. H-08-2285, 2008 WL 5158089 (S.D. Tex. Dec. 9, 2008) ...............................................11

*Plotkin v. Ryan*,
    239 F.3d 882 (7th Cir. 2001) .......................................................................................8

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005).......................................................................................14

*Steffel v. Thompson*,
    415 U.S. 452 (1974)....................................................................................................11

*Textile Prods., Inc. v. Mead Corp.*,
    134 F.3d 1481 (Fed Cir. 1998)......................................................................................14

*Tierney v. Schweiker*,
  718 F.2d 449 (D.C. Cir. 1983) ............................................................................................11

*U.S. Wrestling Fed'n v. Wrestling Div. of the AAU, Inc.*,
  545 F. Supp. 1053 (N.D. Ohio 1982) ....................................................................................9

*University of Pittsburgh v. Varian Med. Sys., Inc.*,
  569 F.3d 1328 (Fed. Cir. 2009) ............................................................................................8

*Ven-Fuel, Inc. v. Department of the Treasury*,
  673 F.2d 1194 (11th Cir. 1982) ..........................................................................................11

*Zagano v. Fordham Univ.*,
  900 F.2d 12 (2d Cir. 1990) ..................................................................................................13

## RULES

Fed. R. Civ. P. 57 ....................................................................................................................11

## I.        INTRODUCTION

In its November 8, 2012 Order, the Court dismissed all claims in this litigation but left the form of dismissal undecided pending further briefing by the parties.  *See* Dkt. No. 503 (Dismissal Order of Nov. 8, 2012).  As Apple pointed out in its bench memorandum of November 5, because the Court did not reach the merits of Apple's remaining claims— dismissing for lack of jurisdiction and because it declined to exercise its discretion to entertain Apple's declaratory relief claims—the case must be dismissed without prejudice.

Motorola concedes, as it must, that the Court's dismissal of this action is on jurisdictional grounds.  In its reply to Apple's bench memorandum, Motorola argues that Apple's claims are not justiciable, because Apple's requested specific performance remedy would require the Court to issue an advisory opinion that would not redress Apple's injuries.  *See* Dkt. No. 504 (Motorola's Resp. to Apple's Bench Mem.) at 8-11.  These are also the Court's stated grounds for dismissal, in addition to the Court's determination that it would not exercise its discretion to hear Apple's declaratory judgment claims.  Motorola further concedes that dismissal for lack of jurisdiction or standing is typically without prejudice.  *See id.* at 3.  Because this is indisputably the law, the Court should dismiss this case *without* prejudice, and for two principal reasons.

First, where, as here, the Court dismisses claims for lack of jurisdiction or by exercising its discretion to decline to entertain declaratory judgment, the dismissal must be without prejudice.  Here, the Court dismissed Apple's claims without reaching the merits of any claim, and so the dismissal must be without prejudice.

With respect to Apple's request for specific performance, the Court declined to hear the claim even under Apple's proposal that the parties be bound to the adjudication of a complete cross-license to each other's patents, after allowing for a brief discovery period to further develop the record.  The Court concluded that even this procedure may not resolve the parties'

dispute and thereby redress Apple's injuries because of the possibility that additional terms of the contract (other than price) may not be determined at trial.[1]  Accordingly, the Court declined to exercise jurisdiction over the claim based on lack of redressability, and the law requires that a dismissal on that basis be without prejudice.

The Court further reasoned that Apple's breach of contract claim must be dismissed because Apple had no available remedies for its claim, in light of the fact that the Court would not adjudicate specific performance and Apple had reduced its damages claim to nominal damages.  This reasoning was apparently rooted in Article III's prohibition against advisory opinions, and the law is clear here as well that the dismissal of a claim on the grounds that it would result in an advisory opinion should be without prejudice.

Second, because the Court exercised its discretion to decline to entertain Apple's requests for a declaratory judgment, these claims must be dismissed without prejudice as well.  The Court declined to hear Apple's declaratory judgment claims on the ground that Apple "has not explained why monetary damages would be inadequate relief if Motorola were to sue it for infringement and seek an exclusionary order against it in the future."  Dkt. No. 503 at 11.  The Court dismissed Apple's requests for declaratory relief with respect to untimely disclosure under similar reasoning, holding that there is no likelihood of Motorola harming Apple with a suit on its '898 patent given that it has already lost that case in the district court.

---

[1] Apple disagrees that a trial could not resolve the necessary terms of the contract to settle the parties' dispute.  Motorola apparently now agrees with Apple.  In responding to Apple's letter proposing the terms of an arbitration, Motorola requested that the parties exclude from the scope of arbitration the parties' "pending Orange Book court process in Germany," which will determine the FRAND rate for Motorola's German patents, because "the record is well developed and the process is scheduled to resolve before an arbitration decision would be reached."  Ex. 2 at 1.  Accordingly, Motorola is willing to go before a German court to adjudicate the FRAND rate for its patents, but takes the position that this Court is incapable of that task.

The law is established that declaratory judgment claims cannot be dismissed on the basis that they fail to meet the equitable factors required to obtain injunctive relief, because the Declaratory Judgment Act was enacted to provide a form of relief available in the absence of an injunction.  Accordingly, the Court's dismissal of Apple's requests for declaratory relief were necessarily an exercise of the Court's discretion to decline to hear declaratory relief, and not a ruling on the merits of those claims with respect to whether Apple could satisfy the equitable injunction factors.  The law is settled that discretionary dismissals of requests for declaratory relief should be made without prejudice, and Apple therefore requests that the dismissals of its requests for declaratory relief be made without prejudice here.

Motorola does not dispute the binding precedent requiring this result.  Instead, it urges that the case be dismissed with prejudice on the grounds that Apple's complaint "as originally pleaded" did not seek specific performance asking the Court to set a FRAND rate.  Dkt No. 504 at 3.  Motorola is incorrect.  Apple's First Amended Complaint sought "[a]n order ordering Motorola to specifically perform its contractual commitment to license its essential patents on F/RAND terms."  Dkt. No. 110 (Apple's First Am. Compl.) ¶ 197(h).  Apple further sought declaratory relief that Motorola's licensing demands did not comport with FRAND, which, as the Court recognized in its order on the motions in limine, would necessarily require that the Court determine the FRAND rate.  *See id.* ¶¶ 197(b), (k); Dkt. No. 424 (MIL Order of Oct. 29, 2012) at 10.  Accordingly, Apple sought to adjudicate the FRAND rate from the very beginning, and Motorola cannot claim surprise at Apple's request.  The parties pursued vigorous discovery into the FRAND rate, including sensitive discovery into licenses with third-parties, and Apple submitted expert reports analyzing and opining on the FRAND rate.

3

Nor can Motorola claim surprise that Apple sought—from the very beginning—to enforce Motorola's contractual obligation to *offer* a FRAND rate, and did not seek an order that Apple be bound to that rate.  As Apple stated in its pleadings and established on summary judgment, "Motorola entered into binding contractual obligations with ETSI and IEEE to license its declared essential patents on fair, reasonable and nondiscriminatory terms."  Dkt. No. 194 (Summary Judgment Order of Aug. 10, 2012) at 47.  Apple sought to prove that Motorola breached its contracts by failing "to grant licenses to its purportedly Essential IPR on F/RAND terms."  Dkt. No. 110 ¶ 144.  Accordingly, even if there were an exception to the established rule that dismissals that do not reach the merits must be without prejudice where a party has changed its legal theories—and Motorola cites to no authority for such an exception—that exception would not apply here.

The Court should also dismiss Apple's claims without prejudice to ensure that Motorola cannot later argue that this action conclusively settled any affirmative defenses or counterclaims that Apple may raise in infringement litigation between the parties, even though the Court did not rule on the merits.  Motorola has previously endorsed this position, arguing that "[i]f the Northern District of Illinois case proceeds after appeal, or if Motorola files some other patent infringement action for the '898 patent, Apple may raise its defenses then and there."  Dkt. No. 496 (Motorola's Brief Regarding Jurisdiction and Availability of Remedies) at 16.  Now it argues that the Court should not be concerned with the fate of these defenses in deciding how to dismiss the case.[2]  *See* Dkt. No. 504 at 7.  However, the Court itself has indicated that these

---

[2] Motorola appears to concede that Apple should still be allowed to raise such defenses before the court in Illinois, but not, as it had previously argued, in "some other patent infringement action."  Dkt. No. 496 at 16.

defenses should be preserved.  In its dismissal Order, the Court said of Apple's untimely disclosure and patent misuse claims that if "the issue is remanded to the court in Illinois, Apple and Motorola can litigate the matter there."  Dkt. No. 503 at 11.  For this reason, too, the Court should dismiss Apple's claims without prejudice.

Finally, the Court should dismiss Apple's claims without prejudice because the parties are now actively engaged in negotiating the terms of a binding arbitration to resolve their disputes with respect to a license to each other's standards-essential patents.  After Motorola offered to enter into binding arbitration at the November 5 hearing in this matter, the parties exchanged correspondence expressing their desire to arbitrate these matters, and are now negotiating the parameters of such an arbitration.  *See* Exs. 1 and 2.  Because a dismissal with prejudice may interfere with Apple's ability to adjudicate its claims in arbitration proceedings, Apple asks that the Court not dismiss the case with prejudice.

On this point, Motorola has been less than forthright with this Court concerning Motorola's willingness to arbitrate this dispute.  At the last hearing, Motorola argued that arbitration was the appropriate forum to resolve FRAND disputes, further argued that a bench trial was ill-suited to address such claims, and, accordingly, offered to enter into binding arbitration.  In subsequent correspondence, however, it has become clear that there is an unstated and critical limitation to the arbitration offer Motorola conveyed in open court: the arbitration cannot affect Motorola's later-filed German action.  *See* Ex. 2.

In that German bench trial, filed less than three weeks before trial was due to start here, Motorola asks the court, supported by experts and just the sort of evidence the parties would have presented here, to undertake what it told this Court was a "complicated process" marred by "idiosyncratic variances," a process that would require evaluation of "thousands of patents and

patent applications relating to mobile devices"—to set a value for Motorola's declared-essential patents.  Dkt. No. 486 (Final Pre-Trial Conf. Hearing Tr.) at 13:16; Dkt. No. 500 (Hearing Tr. of Nov. 5, 2012) at 21:22; Dkt. No. 281 (Motorola's Brief re MIL) at 6.  Presumably, Motorola expects a better result there than it expected from this Court or than it might receive from a panel of qualified arbitrators.

In correspondence Motorola defends this condition on the ground that in Germany, supposedly, "the record is well developed and the process is scheduled to resolve before an arbitration decision would be reached."  Ex. 2 at 1.  In fact, that action was just filed, is still at the pleading stage, and is many months away from resolution.  And if prompt resolution of this dispute was important to Motorola, it might have elected to go forward with this matter, which was just hours away from trial with a full record already complete.

Regardless, however, Apple remains committed to a binding process that will result in a fair, reasonable and non-discriminatory cross-license for standards-essential patents.  Apple's claims in this case were squarely focused on Motorola's actions—both in making excessive royalty demands and seeking injunctions after committing to license its declared-essential portfolio on FRAND terms.  Apple has always been willing to be bound by a final judgment, whether by a judicial or other independent decision maker, that sets the terms of a standards-essential patent cross-license.  However, it was very concerned that an effort to simply set the terms of a unilateral license for Motorola's standards-essential patent portfolio would not account for the value of Apple's cross-license to Motorola of its standard-essential patents (urged by Motorola as required under the ETSI rules), the role of Apple's existing license to Motorola's portfolio through Qualcomm, and the treatment of past sales, among other issues.  Apple remains hopeful that the parties will agree to arbitration terms, and it is therefore important that this

6

dismissal be without prejudice, so as to provide no excuse to Motorola that the underlying dispute—whether Motorola has offered Apple a FRAND license—has been dispositively resolved.

## II.    ARGUMENT

### A.    The Court's Stated Reasons for Dismissal Require Dismissal without Prejudice

#### 1.    The Court's Dismissal of Apple's Request for Specific Performance on the Grounds that it Would Not Redress Apple's Injury Must Be Without Prejudice

The Court's conclusion that Apple's desired specific performance remedy would not resolve the parties' dispute is jurisdictional in character and does not address the merits of Apple's breach of contract claim.  As such, any dismissal on these grounds must be without prejudice.

In its November 8 Order, the Court explained that it would dismiss Apple's claim for breach of contract because Apple's requested relief, an order of specific performance requiring Motorola to offer Apple a license to its standards-essential portfolio at a Court-determined FRAND rate, would neither "necessarily bring[] the parties any closer to a license agreement" nor "put[] the parties' dispute to rest."  Dkt. No. 503 at 6.  Further, the Court rejected Apple's proposal that the parties be bound to the adjudication of a complete cross-license to each other's patents after allowing for a brief discovery period to further develop the record.  This proposal addressed the Court's concerns that Apple's request for specific performance, as initially framed, did not satisfy the four-factor test for equitable relief set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Nonetheless, the Court reasoned that even this proposal "would not resolve all of the matters that have to be considered before the parties can agree upon a license fee."  Dkt. No. 503 at 10.  The Court's rationale in dismissing this claim addresses the

redressability of Apple's injuries from Motorola's breach of contract, an aspect of standing that must be satisfied to establish subject matter jurisdiction. *See Plotkin v. Ryan*, 239 F.3d 882, 885 (7th Cir. 2001).

While Motorola now claims that "the Court reached the merits of Apple's claims," this statement is manifestly incorrect. Dkt. No. 504 at 1. The Court has not determined whether any of Motorola's conduct breached its contracts with ETSI and IEEE, and it has not set a FRAND rate for a license to Motorola's standards-essential cellular portfolio. Indeed, in concluding that Apple's desired relief would bring no resolution to the parties' dispute, the Court explicitly questioned the "propriety of engaging in the complex task of determining a FRAND rate," and of "resolving all of the issues raised in this case." Dkt. No. 503 at 5-6. The Court's dismissal on these grounds did not reach the merits of Apple's breach of contract claim. To suggest otherwise, as Motorola does, is specious.

Where courts have dismissed claims for want of redressability, they have done so without prejudice, because such dismissals do not reach the merits of the claim. For instance, in *Black v. LaHood*, No. 11-1928, 2012 WL 3218519 (D.D.C. Aug. 9, 2012), the plaintiffs challenged government approval of a project that resulted in the closing of a road. The court found that the plaintiffs' desired remedy, a declaration that the project was illegal, would not redress their injury because a portion of the road would remain closed due to separate legislation that the plaintiffs had not challenged. *See id.* at *7. Accordingly, the court held that it would "dismiss the case without prejudice for lack of subject matter jurisdiction." *Id.* at *1. *See also University of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1329-30 (Fed. Cir. 2009) (holding that dismissal for lack of standing should be without prejudice).

The same principles should govern dismissal here.  As in *Black*, here, the Court has determined that even if it were to grant Apple the relief it has requested, such relief "would not resolve all of the matters that have to be considered before the parties can agree upon a license fee," and would therefore fail to bring the parties' dispute to a close.  Dkt. No. 503 at 10. Accordingly, as in *Black*, dismissal should be without prejudice.

> **2.    Dismissal of Apple's Breach of Contract Claim for Want of a Remedy Must Be without Prejudice**

The Court further ruled that it was dismissing Apple's breach of contract claim because Apple has no remedies available to it, and the Court could not render an advisory opinion.  *See* Dkt. No. 503 at 7, 10.  A dismissal on such grounds is jurisdictional in character and must likewise be without prejudice.  *See, e.g.*, *U.S. Wrestling Fed'n v. Wrestling Div. of the AAU, Inc.*, 545 F. Supp. 1053, 1061 (N.D. Ohio 1982) ("Our expression of an opinion in this case, absent any remedy, would violate the long established principles of Article III of the United States Constitution, which has traditionally been interpreted to prohibit the exercise of federal jurisdiction for advisory purposes only."); *Harrington v. Heavey*, No. 04 C 5991, 2006 WL 3359388, at *7 (N.D. Ill. Nov. 16, 2006) (finding "no basis to consider the merits of Harrington's Fourteenth Amendment Claim . . . because no relief would turn on the court's resolution of [this] claim, [and] any opinion would be merely advisory");

"[D]ismissal for want of jurisdiction, not being an adjudication on the merits, is without prejudice, which is to say that it doesn't foreclose, by operation of the doctrine of res judicata, a future litigation to decide the merits."  *In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011). This principle governs a court's conclusion that it has no jurisdiction because the plaintiff is entitled to no remedy and seeks an advisory opinion.  *See, e.g.*, *Davis v. Samuels*, No. 3:07-3463, 2007 WL 4376074, at *3 (D.S.C. Dec. 13, 2007) ("For this Court to find Plaintiff's rights have

been violated but order no remedy would, in effect, be rendering an advisory opinion. . . .  If the complaint is not amended to correct this defect, this action should be dismissed without prejudice.").

Here, too, the Court's conclusion that it cannot grant Apple the relief Apple seeks for its breach of contract claim turns on the Court's jurisdiction over the parties' dispute, and as such, requires dismissal without prejudice.

### 3.      Discretionary Dismissal of Apple's Claims for Declaratory Relief Must Be without Prejudice

The Court's dismissal of Apple's claims for declaratory relief regarding Motorola's breach of its disclosure obligations was an exercise of the Court's discretion not to entertain such claims.  Because this decision is not an adjudication on the merits, it, too, requires dismissal without prejudice.

The Court declined to entertain Apple's requests for a declaratory judgment on the ground that Apple "has not explained why monetary damages would be inadequate relief if Motorola were to sue it for infringement and seek an exclusionary order against it in the future." Dkt. No. 503 at 11.  The Court dismissed Apple's requests for declaratory relief with respect to untimely disclosure under similar reasoning, holding that there is no likelihood of Motorola harming Apple with a suit on its '898 patent given that it has already lost that case in the district court.  *See id.*[3]

---

[3] The Court further reasoned that the order of unenforceability Apple sought for patent misuse was out of proportion to any harm Apple may have suffered.  The standard remedy for patent misuse is to render the patent unenforceable until the misuse is purged.  *See, e.g.*, *C.R. Bard, Inc. v. M3 Sys. Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) ("Patent misuse arises in equity, and a holding of misuse renders the patent unenforceable until the misuse is purged.").  This is so without respect to whether such a remedy is commensurate with the harm.

It is settled law that declaratory judgment claims cannot be dismissed on the basis that they fail to meet the equitable factors required to obtain injunctive relief.  The Supreme Court has held that "engrafting upon the Declaratory Judgment Act a requirement that all of the traditional equitable prerequisites to the issuance of an injunction be satisfied before the issuance of a declaratory judgment is considered would defy Congress' intent to make declaratory relief available in cases where an injunction would be inappropriate."  *Steffel v. Thompson*, 415 U.S. 452, 471 (1974) (internal citations omitted), *see also Tierney v. Schweiker*, 718 F.2d 449, 457 (D.C. Cir. 1983) ("Although a party must demonstrate irreparable injury before obtaining injunctive relief, such a showing is not necessary for the issuance of a declaratory judgment."); Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

In light of this law, the Court's dismissal of these declaratory judgment claims must have been an exercise of discretion not to entertain the claims, and not a ruling on the merits that Apple could not satisfy the equitable injunction factors.  When a district court exercises its discretion to decline to entertain a declaratory judgment action on the merits, the court's dismissal must be without prejudice.  *See Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (modifying district court's dismissal with prejudice of a declaratory judgment action to a dismissal without prejudice because the district court declined to reach the merits); *Ohio Nat'l Life Assurance Corp. v. Riley-Hagan*, No. H-08-2285, 2008 WL 5158089, at *9 (S.D. Tex. Dec. 9, 2008) ("[N]umerous courts declining to decide declaratory judgment actions under Brillhart and Wilton [absention] have instead elected to dismiss without prejudice.") (citing numerous cases) (emphasis omitted).

### 4.    Apple Has Not Shifted its Legal Theories, and this Would Not be a Basis for Dismissing the Case with Prejudice in Any Event

Motorola does not disagree that the Court's dismissal of this action is on jurisdictional grounds, and not on the merits of Apple's claims.  In its latest submission, Motorola argues that Apple's requested specific performance remedy would require the Court to issue an advisory opinion that would not redress Apple's injuries.  *See* Dkt. No. 504 at 8-11.  Nonetheless, in spite of the weight of the above authority, Motorola attempts to argue that dismissal should be with prejudice because Apple purportedly shifted its legal theories.  Motorola is incorrect for two reasons.

First, Apple has consistently pursued the same remedies and legal theories that it articulated in its First Amended Complaint.  That complaint sought "[a]n order ordering Motorola to specifically perform its contractual commitment to license its essential patents on F/RAND terms."  Dkt No. 110 ¶ 197(h).  It further sought declaratory relief that Motorola's licensing demands did not comport with FRAND, which, as the Court recognized in its order on the motions in limine, would necessarily require that the Court determine the FRAND rate.  *See id.* ¶¶ 197(b), (k); Dkt. No. 424 at 10.  Accordingly, Motorola had notice from the outset that Apple sought to adjudicate the FRAND rate.  The parties pursued vigorous discovery on the subject, including sensitive discovery into licenses with third-parties, and Apple submitted expert reports analyzing and opining on the FRAND rate.

And, from the very beginning, Apple sought to enforce Motorola's contractual obligation to *offer* a FRAND rate, and did not seek an order that Apple be bound to that rate.  As Apple stated in its pleadings and established on summary judgment, "Motorola entered into binding contractual obligations with ETSI and IEEE to license its declared essential patents on fair, reasonable and nondiscriminatory terms."  Dkt. No. 194 at 47.  Apple sought to prove that

Motorola breached its contracts by failing "to grant licenses to its purportedly Essential IPR on F/RAND terms." Dkt. No. 110 ¶ 144. Given such ample and early notice, Motorola cannot now claim surprise.

Second, even if Motorola were correct that Apple changed its legal theories, it cites no authority for the proposition that dismissals for lack of jurisdiction or for discretionary reasons must be with prejudice because a party has changed its legal theories. Two of its cases involve a court's denial of the plaintiff's attempt to *voluntarily* dismiss its claims without prejudice. In *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990), the court affirmed denial of such a dismissal because the plaintiff made its motion on the eve of trial, in litigation that had been pending for over four years. *See id.* at 14. Similarly, in *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941 (8th Cir. 1999), the court affirmed denial of the plaintiff's motion for voluntary dismissal without prejudice because the plaintiff made its request after a motion for summary judgment had been filed, when it no longer had any "right to voluntary dismissal without a court order."[4] *Id.* at 950. Here, Apple did not seek to dismiss its claims, voluntarily or otherwise. It diligently prepared its case and made every effort to take its claims to trial.

Likewise, *Klein v. Giguere*, No. 09-10412, 2011 WL 1740054 (D. Mass. Mar. 31, 2011) does not support Motorola's position. There, the court dismissed the plaintiff's claims with prejudice for the plaintiff's failure to prosecute the action. *See id.* at *1. In recommending this disposition, the magistrate judge noted that such dismissal is "warranted only when the plaintiff's misconduct is particularly egregious or extreme." *Id.* at *2 (internal quotation marks and citation

---

[4] Indeed, after dismissing the plaintiff's federal law claims with prejudice, the district court in *Hamm* also dismissed the plaintiff's state law claims for lack of supplemental jurisdiction *without* prejudice. *See id.* at 947.

omitted).  That is not the case here.  There is no suggestion here that Apple has engaged in any misconduct, let alone misconduct that is egregious or extreme.  Nor has Apple failed to prosecute its claims.

Motorola's reliance on two Federal Circuit cases involving dismissal with prejudice for failure to establish standing is similarly misplaced.  In *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005), the court found that the district court did not abuse its discretion in dismissing the case with prejudice "because Sicom has twice attempted and twice failed to establish standing" by meeting its burden to show ownership rights in the patent.  *Id.* at 980.  In *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed Cir. 1998), the plaintiff had the opportunity to litigate the complex issue of its standing to bring an infringement suit, which turned on its status under a licensing agreement, in the course of summary judgment.  *See id.* at 1482-83.  These circumstances are not present here.  As the Court has recognized, the jurisdictional issues that have given it pause did not arise any earlier in this litigation.  *See* Dkt. No. 500 at 73:2-18.

Finally, Motorola's reliance on Judge Posner's dismissal of litigation between the parties in the Northern District of Illinois is inapposite.  First, nothing in Judge Posner's opinion supports Motorola's claim that a supposed shift in legal theories requires dismissal with prejudice.  Second, Judge Posner dismissed the parties' infringement claims after determining that the parties had not established damages and injunctive relief on the merits due to a failure of proof.  Indeed, Judge Posner stressed that his dismissal of that case was *not* jurisdictional in nature (based on mootness), but instead involved a failure of proof, and thus went to the merits:

> It might seem that the case has become moot, because the parties cannot obtain any benefit from further proceedings.  But that is not correct.  They can't obtain any benefit from further proceedings in this case but they can appeal its dismissal.  And even if no appeal

14

> were planned, the case would not be moot, because a failure of
> proof, whether with respect to liability or to remedy, while it ends
> a case does not make the case moot.

*Apple Inc. v. Motorola, Inc.*, 1:11-CV-08540, 2012 WL 2376664, at *23 (N.D. Ill. June 22,

2012).  Here, however, there has been no failure of proof.  Rather, the Court has simply

concluded that it is unable to grant Apple relief that would remedy the parties' dispute.  The

logic of Judge Posner's dismissal with prejudice does not apply.

### B. The Court Should Dismiss Without Prejudice to Prevent Motorola from Arguing that Apple's FRAND-Based Affirmative Defenses to Motorola's Infringement Lawsuits Are Precluded

The Court should also dismiss Apple's claims without prejudice to ensure that Apple may

raise Motorola's breach of its FRAND commitments and patent misuse as affirmative defenses

or counterclaims in any future remand proceedings or other litigation between the parties.

In an earlier filing, Motorola suggested that Apple's claims in this case would have been

more properly brought in that posture:  "[i]f the Northern District of Illinois case proceeds after

appeal, or if Motorola files some other patent infringement action for the '898 patent, Apple may

raise its defenses then and there."  Dkt. No. 496 at 16.  Now Motorola wants to have it both ways.

On the one hand, Motorola continues to suggest that Apple should bring its claims based on

Motorola's untimely disclosure of IPR in any remand proceedings before Judge Posner.  *See* Dkt.

No. 504 at 7.  At the same time, it now argues that Apple "voluntarily chose to bring its claims in

this Court and had every opportunity to make its case."  *Id.*

Given its prior position, Motorola should not be allowed to argue, now or in any future

litigation, that Apple is barred from raising Motorola's breach of FRAND and patent misuse.

Indeed, the Court itself has indicated that these defenses should be preserved.  In its dismissal

Order, the Court said of Apple's untimely disclosure and patent misuse claims that if "the issue

is remanded to the court in Illinois, Apple and Motorola can litigate the matter there."  Dkt. No.

503 at 11.  To prevent Motorola from attempting to deny Apple this opportunity by arguing that

the affirmative defenses are precluded by the Court's ruling here, the Court should dismiss

Apple's claims without prejudice.[5]

**C.     Dismissal With Prejudice Could Bar the Parties from Resolving this Dispute through Binding Arbitration**

Finally, dismissal with prejudice is not warranted because it could bar the parties' efforts

to resolve this dispute through binding arbitration.

At the November 5 pretrial hearing, Motorola first proposed the use of binding arbitration

to bring closure to the parties' dispute:

> Motorola is interested in resolving this dispute completely.  If that
> would be in the form of binding arbitration with a mutually
> selected arbitrator or panel of arbitrators who have licensing
> experience that may be relevant to that and both portfolios are
> placed at issue and that arbitration leads to a cross-license with
> both parties being bound to either pay or collect and the geography
> is defined and all the terms are in there so that somebody will pay
> somebody, we would love that.

Dkt. No. 500 at 48:8-16.  Motorola further clarified that such a procedure was an outcome

"which we would agree to."  *Id.* at 51:6.

In its November 8 Order, the Court embraced Motorola's proposal, stating that binding

arbitration "is the obvious solution" and "seems to be the best way, if not the only way, for the

parties to negotiate a rate that takes into account the many elements of a licensing fee that are not

part of this case but are critical to the determination of a fair, reasonable and non-discriminatory

rate."  Dkt. No. 503 at 12.  This is so because, as the Court has previously recognized, given the

---

[5] In the alternative, should the Court choose to dismiss Apple's claims with prejudice, Apple respectfully requests that the Court make clear its intent that such dismissal bars only the refiling of these claims before this Court, and does not prejudice Apple's ability to raise the same issues as affirmative defenses elsewhere.

five years the parties have spent in negotiations to date, they are unlikely to reach a solution if left to continue negotiating on their own. *See* Dkt. No. 424 at 8 ("[I]t makes little sense to order the parties to continue negotiating a license when they have been unable to reach an agreement through five years of negotiations.").

Apple is also interested in resolving its dispute with Motorola completely and agrees that binding arbitration may be the best vehicle to resolve the parties' dispute. Accordingly, on November 8, 2012, Apple sent Motorola a letter agreeing that the parties should enter into arbitration and proposing the parameters of the arbitration. *See* Ex. 1.

On November 13, 2012, Motorola responded to Apple setting forth further proposals for the scope of the arbitration, *see* Ex. 2, and the parties are now negotiating how to proceed. Included in the parties' discussions are proposals for a stand-still to the parties' pending litigations. *See* Ex. 1 at 1; Ex 2 at 1.

Notably, Motorola left out a key condition when it conveyed its arbitration offer in open court. In its response to Apple's letter, Motorola specified that the proposed litigation stand-still "should not extend to the pending Orange Book court process in Germany, where the record is well developed and the process is scheduled to resolve before an arbitration decision would be reached." Ex. 2 at 1. In other words, Motorola wants the German court to undertake what it told this Court was a "complicated process" marred by "idiosyncratic variances," a process that would require evaluation of "thousands of patents and patent applications relating to mobile devices"—to set a value for Motorola's declared-essential patents. Dkt. No. 486 at 13:16; Dkt. No. 500 at 21:22; Dkt. No. 281 at 6. And, apparently because it expects a more favorable result there than it could secure from this Court or a panel of arbitrators, Motorola seeks to preserve that process. Moreover, Motorola justifies this position by stating that a resolution in Germany

17

is near.  This is notwithstanding the fact that the German case will not go to trial for at least several months, while this case was within hours of trial.

Nonetheless, Apple remains committed to exploring the prospect of binding arbitration. Dismissal with prejudice could interfere with any such process, because courts have found that dismissal with prejudice can have a preclusive effect and bar subsequent adjudication of the same or related claims in arbitration proceedings.  *See, e.g.*, *Fogel v. Gordon & Glickson, P.C.*, No. 03-C-1617, 2004 WL 866412 (N.D. Ill. Apr. 21, 2004) (dismissal with prejudice of fraud claim brought in federal court barred subsequent arbitration claims arising out of the same factual circumstances).  Accordingly, the Court should dismiss Apple's claims without prejudice, so as not to jeopardize a potential resolution that both the parties and this Court have endorsed.

## III.   CONCLUSION

For the reasons set forth above, Apple respectfully requests that any dismissal of this case be without prejudice.

Dated:  November 15, 2012

Respectfully submitted,

*/s/ Samuel F. Ernst*
Robert D. Fram (CA Bar No. 126750)
rfram@cov.com
Christine Saunders Haskett (CA Bar No. 188053)
chaskett@cov.com
Samuel F. Ernst (CA Bar No. 223963)
sernst@cov.com
Nathan E. Shafroth (CA Bar No. 232505)
nshafroth@cov.com
Danielle L. Goldstein (CA Bar No. 257486)
dgoldstein@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Jason C. Raofield (DC Bar No. 463877)
jraofield@cov.com
Richard Anthony Lopez (DC Bar No. 995719)
rlopez@cov.com
Matthew John Connolly (DC Bar No. 997905)
mconnolly@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Matthew D. Powers
Matthew.Powers@tensegritylawgroup.com
Paul Ehrlich
Paul.Ehrlich@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Facsimile: (650) 802-6001

Catherine Cetrangolo
cetrangolo@cetralaw.com
CETRA LAW FIRM LLC
20 North Carroll Street
Madison, WI 53703
Telephone: (608) 535-9220
*Attorneys for Plaintiff Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel F. Ernst, an attorney, do hereby certify that I caused a copy of the foregoing to be electronically filed with the Court and served on all parties on November 15, 2012 using the Court's electronic case filing system.


By: *<u>/s/ Samuel F. Ernst</u>*
Samuel F. Ernst