**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-178-bbc |
| | ) | |
| MOTOROLA MOBILITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTOROLA'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO REPLY TO MOTOROLA'S RESPONSE BRIEF REGARDING THE NATURE OF DISMISSAL**

Apple's proposed "Reply" brief largely duplicates the arguments of its earlier Bench Memorandum, but fails to accurately describe Motorola's position regarding arbitration. Accordingly, though Motorola believes that filing of further pleadings would not be warranted, it files this short brief to ensure that its position continues to be clear.

### I. Motorola Remains Willing To Resolve All Remaining FRAND/SEP Disputes With Apple Through Binding Arbitration

As Motorola told the Court on November 5, 2012, it is fully prepared to submit all FRAND-encumbered patents worldwide to binding arbitration for purposes of resolution. In its responsive letter to Apple of November 13, 2012, Google (on behalf of Motorola) tried to advance the discussions with Apple by offering to work through specifics such as timing, arbitration forum, additional discovery, and the terms of a standstill and stand-down agreement.

In the discussion between the parties about how best to progress arbitration, Apple continued to take the same position it took before this Court: that any neutral determination of FRAND patent cross-license issues be preconditioned on agreement with Apple's preferred methodology rather than the approach used in Motorola's other cross-licenses. Motorola, in contrast, has placed no limits or conditions on the approach the arbitration panel could use, no limits on the appropriate arbitrators or format, and no limits on timing (apart from a reasonable time for discovery). Motorola's only suggestion was that for German patents where a binding agreement has already been signed and whose FRAND rate is already being reviewed by a German court, the parties continue to leave their prior consent to jurisdiction in place. Even if Motorola's suggestion were adopted in full, every FRAND-encumbered patent worldwide would be subject to a neutral third-party determination of a FRAND rate and license terms prior to any injunction issuing. This seems consistent with this Court's prior Orders and Apple's requests in this litigation.

1

## II.   The German Action Related To Motorola's German Patents Is Not An Impediment To A Global Resolution Between The Parties

Because both Apple and Motorola have already consented to have the German proceeding provide a neutral evaluation of the FRAND rate for Motorola's German patents, that proceeding is a reasonable element of a larger neutral determination of FRAND rates through voluntary binding arbitration.  Motorola's November 13, 2012, letter to Apple unequivocally states that Motorola remains willing to enter into binding worldwide arbitration as the forum to resolve all remaining issues between the companies "relating to use of and payment for either party's SEPs."  However, the parties cannot simply include Motorola's patents in Germany within any future worldwide binding arbitration for Motorola's SEPs because both parties have submitted to the exclusive jurisdiction of the German court for resolution of this dispute related to Germany.  The parties already entered into a <u>binding</u> license Agreement on April 26, 2012, as it relates to Germany, including non-royalty terms.  Apple drafted the final executed Agreement itself.

Further, the German litigation culminating in the present rate setting action was not commenced weeks ago as suggested by Apple.  It was commenced April 1, 2011 - when Motorola sued Apple in Germany for infringement of Motorola's European counterpart patent to the '898 Patent (after more than three-and-a-half years of unsuccessful negotiations with Apple). In the German litigation, Apple was found to have willfully infringed Motorola's patent and Apple was ordered to cease and desist from offering and/or supplying in Germany infringing mobile devices. Apple made five previous unsuccessful attempts to propose a license agreement that was acceptable to the Mannheim court under German procedural and substantive law in order for Apple to avoid an injunction for its willful infringement.  Apple's sixth proposal was deemed Orange Book-compliant by the German court on February 27, 2012. Motorola

subsequently accepted Apple's proposed license terms on March 1, 2012 and the parties executed the license Agreement on April 26, 2012. Unlike the litigation previously before this Court, the only remaining term to be reviewed under the German Orange Book procedure is the reasonableness of the exercise of the rights Apple had granted to Motorola in relation to the royalty rate and base applicable to the defined scope of the patent license within the terms of the existing Agreement between the parties.

## CONCLUSION

WHEREFORE, Motorola respectfully opposes Apple's Motion for Leave to file a Reply for the reasons stated herein. Apple has provided no justification for why this Court should decline to dismiss this action with prejudice. Motorola therefore requests that the dismissal be with prejudice as first indicated by the Court at the November 5, 2012, hearing.

Respectfully submitted,

DATED: November 19, 2012

MOTOROLA MOBILITY LLC

By: */s/ Stephen A. Swedlow*
    Stephen A. Swedlow

Scott W. Hansen
Lynn M. Stathas
Lisa Nester Kass
Reinhart Boerner Van Deuren S.C.
22 East Mifflin Street
P.O. Box. 2018
Madison, WI 53701-2018
Telephone: (608) 229-2200
Facsimile: (608) 229-2100
100 North Water Street, Suite 170
Milwaukee, WI 53202
Telephone: (404) 298-1000
Facsimile: (404) 298-8097
Email: shansen@reinhartlaw.com
    lstathas@reinhartlaw.com

David A. Nelson
Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
    stephenswedlow@quinnemanuel.com

Edward J. DeFranco
Alexander Rudis
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

| | |
|---|---|
| lkass@reinhartlaw.com | Facsimile: (312) 849-7100<br>Email: eddefranco@quinnemanuel.com<br>          alexanderrudis@quinnemanuel.com<br><br>Brian C. Cannon<br>Meghan Bordonaro<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br>Email: briancannon@quinnemanuel.com<br>          meghanbordonaro@quinnemanuel.com<br><br>*Attorneys for Defendant Motorola Mobility, LLC* |