IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPLE INC.,

                                      OPINION AND ORDER

           Plaintiff,

                                        11-cv-178-bbc

    v.

MOTOROLA MOBILITY, INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In a statement from the bench on November 5, 2012, I dismissed plaintiff Apple's Inc.'s remaining claims against defendant Motorola Mobility, Inc. In an order dated November 8, 2012, I explained in more detail the reasons for the dismissal, but I reserved a decision on the form of the dismissal and gave the parties an opportunity to brief the issue. Both parties have responded, with Apple arguing that its claims should be dismissed without prejudice and Motorola arguing the opposite.

       I conclude that Apple's claims that were dismissed at the summary judgment stage must be dismissed with prejudice. Those include Apple's claims that Motorola violated § 2 of the Sherman Act (count 5), violated Cal. Bus. & Prof. Code § 17200 (count 6), and tortiously interfered with contracts (count 13). Order, dkt. #194 at 47. Those claims were dismissed on the merits and Apple has made no argument about why they should not be dismissed with prejudice. Turek v. General Mills, Inc., 662 F.3d 423, 425 (7th Cir. 2011)

1

(claim dismissed on merits should be dismissed with prejudice).

This leaves Apple's claims for equitable estoppel (count 1); breach of contract (counts 2, 3, 4); and declaratory judgment (counts 7, 11, 12). As relief for those claims, Apple was seeking a declaration that Motorola had breached contracts with standards setting organizations and a determination by the court of a specific FRAND rate for Motorola's standards-essential patents. Additionally, Apple had requested that the court declare Motorola's '898 patent invalid and unenforceable as a result of Motorola's failure to timely disclose it to standards setting organizations. I dismissed those claims because Apple had failed to show that its requests for extraordinary injunctive relief and discretionary declaratory relief were warranted under the circumstances. After reviewing the parties' arguments on the issue, I conclude that Apple's declaratory judgment, equitable estoppel and breach of contract claims must be dismissed without prejudice.

Generally, when a court dismisses a claim without reaching the merits, it should dismiss the claim without prejudice. Murray v. Conseco, Inc., 467 F.3d 602, 605 (7th Cir. 2006) (vacating district court's dismissal with prejudice for lack of subject matter jurisdiction and remanding with instructions to dismiss complaint without prejudice because "[a] dismissal for lack of subject matter jurisdiction is not on the merits"). Thus, when courts decline to exercise discretionary jurisdiction or reach the merits of a declaratory judgment claim, they usually dismiss the claim without prejudice. E.g., International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1218 (7th Cir. 1980) (explaining that claim for declaratory relief should have been dismissed without prejudice because court lacked subject matter

2

jurisdiction over claim, and even if jurisdiction existed, requested declaratory relief was not appropriate "at [the] time"). See also Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982) (modifying district court's dismissal with prejudice of declaratory judgment action to dismissal without prejudice because district court declined to reach merits); Continental Casualty Co. v. Duckson, 826 F. Supp. 2d 1086, 1103 (N.D. Ill. 2011) (dismissing declaratory judgment claim without prejudice because claim was premature); Hickman v. Wells Fargo Bank N.A., 683 F. Supp. 2d 779, 790 (N.D. Ill. 2010) (dismissing declaratory judgment claim without prejudice because plaintiff failed to explain why declaration was necessary or appropriate).

As I explained in the orders entered November 2, dkt. #487, and November 8, dkt. #503, I dismissed Apple's claims for declaratory relief because the decision whether to grant declaratory relief is discretionary, 28 U.S.C. § 2201(a), and it is inappropriate to issue declaratory judgment if "such a judgment would have no practical effect." Dkt. #487 at 5 (citing Apple, Inc. v. Motorola, Inc., Case No. 1:11-CV-08540, 2012 WL 2376664, *23 (N.D. Ill. June 22, 2012). See also International Harvester Co., 623 F.2d at 1218 ("A declaratory judgment should issue only when it will serve a useful purpose."). With respect to Apple's request for declaratory relief related to Motorola's '898 patent, Apple had not shown that the declaration was necessary or appropriate, in light of Judge Posner's dismissal of Motorola's patent infringement claims and Apple's alleged harm. With respect to Apple's declaratory judgment claim regarding licensing, I concluded that Apple had failed to show that its requested declaration would serve any purpose other than providing Apple a ceiling

3

on the potential license rate that it could use for negotiating purposes. Apple was requesting that the court declare that Motorola breached its contracts and "declare" a FRAND rate for Motorola's patents, but Apple had refused to be bound by the rate chosen by the court. Instead, the rate simply would clarify whether Motorola's license offers to Apple had been FRAND and if not, what the rate should have been. Thus, if Apple succeeded in establishing that Motorola breached its contracts but then refused to accept the rate chosen by the court, further litigation likely would be necessary to resolve the parties' licensing and infringement disputes. Even under Apple's modified trial proposals in which Apple agreed to be bound by a FRAND rate chosen by the court, there would be numerous issues remaining related to the parties' licensing disputes. Thus, Apple's requested declarations were unlikely to "serve a useful purpose."

Under different circumstances, it may be appropriate for a court to entertain Apple's requests for declaratory relief and consider the merits of Apple's claims. <u>International Harvester Co.</u>, 623 F.2d at 1218 (explaining that because dismissal was without prejudice, plaintiff was "free to seek a declaratory judgment in the future . . . when its need for relief is more compelling"). For example, it may be appropriate for a court to consider Apple's arguments in the context of a patent infringement suit. However, under the circumstances presented, it was inappropriate to reach the merits of Apple's claims for declaratory judgment, so I exercised the court's discretion in dismissing the claims. Because I did not reach the merits of Apple's declaratory judgment claims, I will dismiss them without prejudice.

With respect to Apple's claims for which it sought injunctive relief, I dismissed those claims because Apple failed to show that the court should order the extraordinary relief of specific performance. As I explained in the November 2 and November 8 orders, Apple's request for injunctive relief required it to satisfy the standards set forth in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Apple failed to satisfy the eBay standards because it did not show that it had suffered irreparable harm, that money damages would be inadequate or that the public interest favored granting an injunction. Dkt. #487 at 4-5.

Although the legal basis for dismissing Apple's claims for injunctive relief was slightly different from the legal basis for dismissing the claims for declaratory judgment (Apple was not required to satisfy the eBay standards on its declaratory judgment claims), I dismissed the claims for injunctive relief for many of the reasons I dismissed the declaratory judgment claims. In particular, Apple failed to show that its requested injunction would serve any purpose other than providing Apple a bargaining chip in future negotiations or litigation. Kartman v. State Farm Mutual Automobile Insurance Co., 634 F.3d 883, 893 (7th Cir. 2011) (considering "as a practical matter, . . . what purpose would be served by" proposed injunction). As explained above, I am dismissing Apple's claim for declaratory relief without prejudice. I conclude that because Apple's claims for declaratory and injunctive relief are based on the same facts and arguments, rely on the same underlying theories of liability (breach of contract and equitable estoppel), were dismissed for similar reasons, and ultimately, seek similar forms of relief, Apple's claims for which it sought injunctive relief should also be dismissed without prejudice.

5

The parties suggest in their briefs that they are considering taking their disputes to arbitration, though they have disagreements about the scope and form of the arbitration. In addition to the explanations provided above, the possibility that this dispute can be resolved through binding arbitration is another reason why I conclude that Apple's breach of contract, equitable estoppel and declaratory judgment claims should be dismissed without prejudice. A dismissal with prejudice could inhibit the parties' efforts at resolving their disputes through binding arbitration.

ORDER

IT IS ORDERED that plaintiff Apple Inc.'s claims that defendant Motorola Mobility, Inc. violated § 2 of the Sherman Act (count 5), violated Cal. Bus. & Prof. Code § 17200 (count 6), and tortiously interfered with contracts (count 13) are DISMISSED WITH PREJUDICE. Apple's claims against Motorola for equitable estoppel (count 1), breach of contract (counts 2, 3, 4), and declaratory judgment (counts 7, 11, 12), are DISMISSED WITHOUT PREJUDICE. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 28th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge